1    Jennifer Riley (SBN #360545)
     **DUANE MORRIS LLP**
2    865 South Figueroa Street, Suite 3100
     Los Angeles, CA 90017
3    E-mail:    jariley@duanemorris.com

4    Aaron Winn (SBN #229763)
     **DUANE MORRIS LLP**
5    750 B St Ste 2900
     San Diego, CA 92101-8127
6    Email:    awinn@duanemorris.com

7    Gerald L. Maatman (IL 6181016) (*pro hac vice application forthcoming*)
     **DUANE MORRIS LLP**
8    190 S. LaSalle Street, Suite 3700
     Chicago, IL 60603
9    E-mail:    gmaatman@duanemorris.com

10

11   Shannon Noelle (PA 326811) (*pro hac vice application forthcoming*)
     **DUANE MORRIS LLP**
     30 South 17th Street
12   Philadelphia, PA 19103-4196
     E-mail:    snoelle@duanemorris.com

13

14   Attorneys for Defendant,
     KELLY SERVICES GLOBAL, LLC

15

16            **UNITED STATES DISTRICT COURT**

17        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

18

19

20

21

22

23

24

25

26

27

28

| | | |
|---|---|---|
| 1 | NATHAN WILLIAMS, individually, and on behalf of all others similarly situated, | Case No. <u>5:25-cv-01888</u> |
| 2 | | **DECLARATION OF KRISTEN YERKOVICH IN SUPPORT OF** |
| 3 | Plaintiff, | **DEFENDANT KELLY SERVICES GLOBAL LLC'S NOTICE OF** |
| 4 | v. | **REMOVAL OF CIVIL CLASS ACTION TO THE UNITED STATES** |
| 5 | STATES LOGISTICS SERVICES, INC.; a California corporation; KELLY | **DISTRICT COURT** |
| 6 | SERVICES GLOBAL, LLC; and DOES 1 through 50, | [Removed from San Bernardino Superior Court, Case No. CIVSB2510823] |
| 7 | | |
| 8 | Defendants. | *[Filed concurrently with Notice of Removal, Declaration of Jennifer Monson, Corporate Disclosure* |
| 9 | | *Statement, Request for Judicial Notice, Civil Case Cover Sheet, and Notice of* |
| 10 | | *Interested Parties]* |

## <u>DECLARATION OF KRISTEN YERKOVICH</u>

I, Kristen Yerkovich, declare:

1.      I am over the age of eighteen years.  I have personal knowledge of the facts set forth herein and am competent to testify thereto.

2.      I make this declaration in support of Defendant Kelly Services Global, LLC's ("KSG") Notice of Removal of Civil Action to the United States District Court in the above-captioned matter.

3.      I am the Senior Paralegal Manager for Kelly Services, Inc., the parent company of Kelly Services Global, LLC.  In my capacity as Senior Paralegal Manager, I am familiar with the corporate and organizational structure as well as the operations of KSG.  Also, in this capacity, I have access to payroll and

employment/personnel records of KSG employees in California, including Plaintiff Nathan Williams ("Plaintiff"), which KSG keeps in the ordinary course of business.

4.      KSG is now, and since this action commenced has been, a limited liability company organized under the laws of the State of Michigan.

5.      KSG's principal place of business is in Troy, Michigan.  KSG's corporate headquarters is located in Troy, Michigan.  KSG's corporate executives, including its senior leadership team, have been and continue to be located in Michigan, have maintained and continue to maintain their offices in Michigan, and have performed and continue to perform their primary duties and job functions in Michigan.

6.      On June 23, 2025, KSG was served with a copy of the Summons, Complaint, and First Amended Complaint ("FAC").  True and correct copies of the documents that were served on KSG are attached hereto as **Exhibit A.**

7.      Based on my review of Company records, Plaintiff was a resident of California during the course of his employment with KSG.  The home address that Plaintiff Nathan Williams provided to KSG when he applied for employment was in San Bernardino, California.  Furthermore, when Plaintiff began his employment with KSG, Plaintiff provided KSG with a home address in San Bernardino, California.  Additionally, the mailing address reflected on his paystubs throughout his employment with KSG is in San Bernardino, California.

8.      It is my understanding that Plaintiff has defined the Staffing Agency Class—whom he purports to bring claims on behalf of under the California Labor Code, Wage Order 7, and Business and Professions Code—as:  "[a]ll current and former non-exempt employees placed to work for Defendant SLS by staffing agencies, including but not limited to, Defendant KSG, in the State of California during the four years immediately preceding the filing of this action through the present."  *See* Ex. A, FAC, ¶ 16.

9.    It is my understanding that Plaintiff's filed the original Complaint on April 16, 2025. *See* Ex. A, Complaint.

10.    To determine the total number of KSG's non-exempt employees that worked in the State of California during the timeframe set out in Plaintiff's definition of the Staffing Agency Class, our payroll team retrieved information from KSG's payroll system for April 15, 2025 to June 29, 2025.

11.    Based on my review of the data retrieved, and to the best of my knowledge, KSG employed at least 59 non-exempt employees in the State of California from April 15, 2025 to June 29, 2025 whom it assigned to client States Logistics Services, Inc. ("SLS").

12.    Based on my review of Plaintiff's records, Plaintiff's hourly rate was $20.00 and his overtime rate was $30.00.

13.    Based on my review of Company records, 50 employees assigned to SLS during the timeframe set out in Plaintiff's definition of the Staffing Agency Class resigned or terminated their employment.

14.    During the time period in the definition of the Staffing Agency Class, KSG paid current and former non-exempt employees who are or were employed by KSG in the State of California on a weekly basis. Accordingly, there are approximately 914 pay periods worked for these employees and 924 workweeks.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 23, 2025, at Troy, Michigan.

DocuSigned by:

*Kristen Yerkovich*

00841BA8F8F64C1...

Kristen Yerkovich, Senior Paralegal Manager

DUANE MORRIS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

DM2\21768997

# EXHIBIT A

## TO K. YERKOVICH DECL.

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
06/23/2025
CT Log Number 549434644

## Service of Process Transmittal Summary

**TO:**     MAILBOX EMPLOYMENT LAW
KELLY SERVICES, INC.
999 W BIG BEAVER RD
TROY, MI 48084-4716

**RE:**     **Process Served in California**

**FOR:**    Kelly Services Global, LLC  (Domestic State: MI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | NATHAN WILLIAMS, an individual and on behalf of all others similarly situated vs. STATES LOGISTICS SERVICES, INC. |
| **CASE #:** | CIVSB2510823 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/23/2025 at 12:58 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  MAILBOX EMPLOYMENT LAW  employlaw@kellyservices.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 877-564-7529 |
| | MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Exh. A - 006



## PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Mon, Jun 23, 2025
**Server Name:**                             Mark Shurlock

| | |
|---|---|
| Entity Served | KELLY SERVICES GLOBAL, LLC |
| Case Number | CIVSB2510823 |
| Jurisdiction | CA |

| Inserts | |
|---|---|
| | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
4/29/2025
By: Gabriel Mendoza, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

STATES LOGISTICS SERVICES, INC., a California corporation; KELLY SERVICES GLOBAL, LLC, a Michigan limited liability company; and DOES 1 through 50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NATHAN WILLIAMS, an individual and on behalf of all others similarly situated;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino Justice Center

247 W 3rd St, San Bernardino, CA 92415

CASE NUMBER:
*(Número del Caso):*
CIVSB2510823

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William C. Sung, Justice for Workers P.C, 9575 Bolsa Ave., Westminster CA 92683, 323-922-2000

DATE:  4/29/2025      Clerk, by  /s/ Gabriel Mendoza      , Deputy
*(Fecha)*          *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* KELLY SERVICES GLOBAL, LLC, A MICHIGAN LIMITED LIABILITY COMPANY

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☑ other *(specify):*  LIMITED LIABILITY COMPANY
4. ☑ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

**Print this form**    **Save this form**    **Clear this form**

Mark Shupe
2013190921
2025-04-29 13:18:03

Exh. A - 008

**JUSTICE FOR WORKERS, P.C.**
William C. Sung, SB# 280792
  E-Mail: william@justiceforworkers.com
Tiffany L. Luu, SB# 335127
  E-Mail: tluu@justiceforworkers.com
Joseph C. Ramli, SB# 339491
  E-Mail: jramli@justiceforworkers.com
9575 Bolsa Avenue
Westminster, CA 92683
Tel: 323-922-2000
Fax: 323-922-2000

Attorneys for Plaintiff NATHAN WILLIAMS

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
4/16/2025 4:19 PM
By: Gabriel Mendoza, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

|  |  |
|---|---|
| NATHAN WILLIAMS, an individual and on behalf of all others similarly situated; | Case No.: CIVSB2510823 |
| Plaintiff, | **CLASS ACTION COMPLAINT:** |
| vs. | **(1) MINIMUM WAGE VIOLATIONS (LABOR CODE §§ 1182.12, 1194, 1194.2, 1197);** |
| STATES LOGISTICS SERVICES, INC., a California corporation; KELLY SERVICES GLOBAL, LLC, a Michigan limited liability company; and DOES 1 through 50, | **(2) OVERTIME WAGE VIOLATIONS (LABOR CODE §§ 204, 510, 1194, 1198);** |
| Defendants. | **(3) MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, 558);** |
|  | **(4) REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516, 558);** |
|  | **(5) WAGE STATEMENT PENALTIES (LABOR CODE § 226);** |
|  | **(6) WAITING TIME PENALTIES (LABOR CODE §§ 201-203);** |
|  | **(7) UNFAIR COMPETITION (BUS & PROF CODE §§ 17200, *et seq.*)** |
|  | **DEMAND FOR JURY TRIAL** |

Exh. A - 009

1    Plaintiff NATHAN WILLIAMS ("Plaintiff"), on behalf of himself and all others similarly

2    situated, hereby brings this Class Action Complaint ("Complaint") against STATES LOGISTICS

3    SERVICES, INC. ("Defendant SLS"), a California corporation; KELLY SERVICES GLOBAL,

4    LLC ("Defendant KSG"), a Michigan limited liability company; and DOES 1 to 50 (collectively

5    "Defendants"), and on information and belief alleges as follows:

6                              **JURISDICTION AND VENUE**

7    1.    Plaintiff, on behalf of himself and all others similarly situated, hereby brings this

8    Complaint for recovery of unpaid wages and penalties under California Business and Professions

9    Code § 17200, *et seq.*, Labor Code §§ 201-204, 226, 226.7, 510, 512, 516, 558, 1182.12, 1194,

10   1194.2, 1197, 1198, 2698, *et seq.*, and Industrial Welfare Commission ("IWC") Wage Order 7-2001

11   ("Wage Order 7"), in addition to seeking injunctive relief, declaratory relief, and restitution. This

12   Complaint is brought pursuant to California Code of Civil Procedure § 382. This Court has

13   jurisdiction over Defendants' violations of the Labor Code because the amount in controversy

14   exceeds $25,000.

15   2.    Venue is proper in this judicial district because Defendants maintain offices, have

16   agents, and/or transact business in the State of California, including San Bernardino County, and

17   some of the acts and omissions complained of herein occurred in San Bernardino County.

18   Furthermore, Plaintiff was employed by Defendants within San Bernardino County.

19                                    **PARTIES**

20   3.    Plaintiff is, and at all times relevant herein was, an individual over the age of

21   eighteen (18) and is a California resident. Within the statute of limitations periods applicable to

22   each cause of action pled herein, Plaintiff was employed by Defendants as a non-exempt employee.

23   Plaintiff was, and is, a victim of Defendants' policies, practices, and/or customs complained of

24   herein and has been deprived of the rights guaranteed by Business and Professions Code § 17200, *et*

25   *seq.*, Labor Code §§ 201-204, 226, 226.7, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198,

26   2698, *et seq.*, and Wage Order 7.

27   4.    Plaintiff is informed and believes, and based thereon alleges, that during the

28   applicable statute of limitations for each cause of action pled herein and continuing to the present,

Defendants engaged in, and continue to engage in, business, and employed Plaintiff and other, similarly-situated non-exempt employees within San Bernardino County, and the State of California and, therefore, were (and are) doing business in San Bernardino County and the State of California.

5.    Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 to 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed and believes, and based thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, was responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes (as defined below) to be subject to the unlawful employment practices, wrongs, injuries, and damages complained of herein.

6.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendant; and furthermore, Defendants, and each of them, were the agents, servants, and employees of each of the other defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

7.    Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

8.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership, and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership, and common enterprise.

9.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

**FACTUAL ALLEGATIONS**

1     10.    Defendant SLS owns and operates a distribution warehouses in California, including Fontana, California. Defendant KSG is a staffing agency. Defendant KSG employed Plaintiff and placed Plaintiff to work with Defendant SLS, and Defendant SLS employed Plaintiff through the agency, from approximately February 3 to March 6, 2025 as an hourly paid, non-exempt employee in Fontana, California.

     11.    Throughout Plaintiff's employment with Defendants, Defendants' timekeeping and/or payroll policies and practices resulted in Plaintiff and other non-exempt employees not being compensated for all hours actually worked. Plaintiff and other non-exempt employees regularly worked more than eight hours in a workday or 40 hours in a workweek. Upon information and belief, during the relevant time period, Defendants failed to properly calculate and compensate overtime hours worked based on their definition of the workday and workweek. Upon information and belief, Defendants required Plaintiff and other non-exempt employees to perform work before their scheduled shifts, after their scheduled shifts, and/or during off-the-clock meal breaks, including waiting outside the facility to be let in the building by a Defendant SLS representative, and failed to compensate employees for this time. As a result, Plaintiff and other non-exempt employees were not compensated for all earned minimum and overtime wages.

     12.    Defendants failed to provide Plaintiff and other non-exempt employees with all legally compliant meal periods due to Defendants' meal period policies/practices, which have frequently resulted in late (commencing after the fifth hour of work), short (less than 30 minutes), and/or missed meal periods. Upon information and belief, Plaintiff and other non-exempt employees were not able to take their legally compliant meal breaks due to work demands imposed by Defendants. Upon information and belief, Defendants do not keep accurate records of Plaintiff's and other non-exempt employees' hours worked, including accurate time records showing when employees take their meal periods. On those occasions when Plaintiff and other non-exempt employees were not provided with all legally compliant meal periods to which they were entitled, Defendants failed to compensate Plaintiff and other non-exempt employees with the required meal period premium(s) for each workday there was a meal period violation as mandated by Labor Code

CLASS ACTION COMPLAINT

§ 226.7.

13.    Plaintiff and other non-exempt employees were not authorized and permitted to take all required rest periods due to Defendants' unlawful rest period policies/practices, which failed to authorize and permit a net 10-minute rest period for every four hours worked, or major fraction thereof. Plaintiff and other non-exempt employees were not able to take their legally compliant rest breaks due to work demands imposed by Defendants. On those occasions when Plaintiff and other non-exempt employees were not authorized and permitted to take all legally compliant rest periods to which they were entitled, Defendants failed to compensate them with the required rest period premium(s) for each workday there was a rest period violation as mandated by Labor Code § 226.7. Upon information and belief, Defendants maintained no mechanism for the payment of rest period premium payments as required by Labor Code § 226.7, in the event that a legally compliant rest period was not authorized and permitted to their non-exempt employees.

14.    As a result of Defendants' failure to pay all minimum and overtime wages, failure to pay all meal and rest period premium wages, and unlawful timekeeping and payroll practices as alleged above, Defendants maintained inaccurate payroll records and issued inaccurate wage statements to Plaintiff and other non-exempt employees. As a further result of Defendants' failure to pay all minimum and overtime wages, and meal and rest period premium wages, Defendants failed to timely pay all final wages to other former non-exempt employees upon their separation of employment from Defendants.

15.    Labor Code § 1198 provides: "The employment of any employee ... under conditions of labor prohibited by the [Industrial Wage Orders] is unlawful." Section 15 of the Wage Order provides: "(A) The temperature maintained in each work area shall provide reasonable comfort consistent with industry-wide standards for the nature of the process and the work performed. (B) If excessive heat or humidity is created by the work process, the employer shall take all feasible means to reduce such excessive heat or humidity to a degree providing reasonable comfort. Where the nature of the employment requires a temperature of less than 60° F, a heated room shall be provided to which employees may retire for warmth, and such room shall be maintained at not less than 68° F. (C) A temperature of not less than 68° F shall be maintained in the toilet rooms, resting

CLASS ACTION COMPLAINT

1    rooms, and change rooms during hours of use. (D) Federal and State energy guidelines shall prevail

2    over any conflicting provision of this section." California law requires an employer to endeavor to

3    provide a safe and healthy workplace. (Cal. Code Regs., tit. 8, §3203.) Labor Code § 6720 required

4    the California Division of Occupational Safety and Health ("Cal/OSHA") to propose an indoor heat

5    illness standard by January 1, 2019. Cal/OSHA has implemented standards for indoor heat illness

6    that applies to an indoor work area where the temperature or heat index equals or exceeds 87° F

7    when employees are present. (Cal. Code Regs., tit. 8, § 3396.) During the relevant time period,

8    Defendants failed to provide Plaintiff and other aggrieved employees with reasonable comfort by

9    maintaining the indoor temperature within the range of industry standards by, inter alia, complying

10   with Cal. Code Regs., tit. 8, § 3396 and failed to maintain a temperature of not less than 68° F in

11   rest rooms and breakrooms for Plaintiff and other aggrieved employees.

12                              **CLASS ACTION ALLEGATIONS**

13          16.    **Class Definitions**: Plaintiff brings this action on behalf of himself and the following

14   Classes pursuant to § 382 of the California Code of Civil Procedure:

15          a.     Direct Hire Class: All current and former non-exempt employees directly hired and

16                 employed by Defendant SLS in the State of California from July 21, 2024 through

17                 the present.

18          b.     Staffing Agency Class: All current and former non-exempt employees placed to

19                 work for Defendant SLS by staffing agencies, including but not limited to,

20                 Defendant KSG, in the State of California during the four years immediately

21                 preceding the filing of this action through the present.

22          17.    **Numerosity/Ascertainability**: The members of the Classes are so numerous that

23   joinder of all members would be impractical, if not impossible. The membership of the Classes is

24   unknown to Plaintiff at this time; however, it is estimated that the members of the Classes number

25   greater than 50 individuals. The identity of such membership is readily ascertainable via inspection

26   of Defendants' employment records, including payroll records.

27          18.    **Common Questions of Law and Fact Predominate/Well-Defined Community of**

28   **Interest**: There are predominant common questions of law and fact as to Plaintiff and members of

the Classes, which predominate over questions affecting only individual members including, without limitation to:

    a.    Whether Defendants properly paid all overtime wages to members of the Direct Hire and Staffing Agency Classes;

    b.    Whether Defendants paid at least the minimum wage for all hours worked to members of the Direct Hire and Staffing Agency Classes;

    c.    Whether Defendants provided all legally compliant meal periods or paid meal period premium wages due to members of the Direct Hire and Staffing Agency Classes pursuant to Labor Code §§ 226.7 and 512;

    d.    Whether Defendants authorized and permitted all legally compliant rest periods or paid all rest period premium wages due to members of the Direct Hire and Staffing Agency Classes pursuant to Labor Code §§ 226.7 and 516;

    e.    Whether Defendants furnished legally compliant wage statements to members of the Direct Hire and Staffing Agency Classes pursuant to Labor Code § 226; and

    f.    Whether Defendants timely paid all final wages to members of the Direct Hire and Staffing Agency Classes at the time of their separation of employment pursuant to Labor Code §§ 201 and 202.

These common questions of law and fact set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member. As such, the common questions predominate over individual questions concerning each individual class member's showing as to their eligibility for recovery or as to the amount of their damages.

19.    **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitations period applicable to each cause of action pled in the Complaint. As alleged herein, Plaintiff, like the members of the Classes, was not paid all minimum and overtime wages owed due to Defendants' timekeeping and payroll policies/practices, not provided all required meal periods, not authorized and permitted all rest periods, did not receive premium pay for non-compliant meal and rest periods, and not provided with accurate, compliant, itemized wage statements.

20.    **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have litigated numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

21.    **Superiority**: The Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.

22.    Moreover, requiring each member of the Class(es) to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. The claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending hereto.

23.    Furthermore, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or

1  impede the ability of the class members to protect their interests. As such, the Classes identified

2  hereinabove are maintainable as classes under § 382 of the Code of Civil Procedure.

3                          **FIRST CAUSE OF ACTION**

4                          **MINIMUM WAGE VIOLATIONS**

5                          **(Against All Defendants)**

6        24.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

7  fully set forth herein.

8        25.    Labor Code §§ 1182.12, 1197, and Wage Order 7, § 4 establish the right of

9  employees to be paid minimum wages for all hours worked, in amounts set by state or local law.

10  Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal

11  minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with

12  attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid

13  wages and interest accrued thereon. At all relevant times herein, Defendants failed to conform its

14  pay practices to the requirements of the law by failing to pay Plaintiff and members of the Direct

15  Hire and Staffing Agency Classes for all hours worked, including, but not limited to, all hours they

16  were subject to the control of Defendants and/or suffered or permitted to work under the Labor

17  Code and Wage Order 7.

18        26.    Labor Code § 1198 makes unlawful the employment of an employee under

19  conditions that the IWC prohibits. California Labor Code § 1194(a) and 1194.2(a) provide that an

20  employer who has failed to pay its employees the legal minimum wage is liable to pay those

21  employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount

22  equal to the wages due and interest thereon.

23        27.    As a consequence of Defendants' non-payment of minimum wages, Plaintiff and

24  members of the Direct Hire and Staffing Agency Classes seek recovery of the balance of unpaid

25  wages, including interest thereon, statutory penalties, attorneys' fees, and costs of suit according to

26  Labor Code §§ 218.6, 558, 1194, 1194.2, and 1199, Code of Civil Procedure § 1021.5; and Civil

27  Code §§ 3287 and 3289.

28  / / /

## SECOND CAUSE OF ACTION

### OVERTIME WAGE VIOLATIONS

#### (Against All Defendants)

28.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

29.    This cause of action is brought pursuant to Labor Code §§ 204, 510, 1194, 1198, and Wage Order 7, § 3, which provide that non-exempt employees are entitled to all overtime wages and compensation for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

30.    At all times relevant herein, Defendants were required to properly compensate non-exempt employees, including Plaintiff and members of the Direct Hire and Staffing Agency Classes, for all overtime hours worked pursuant to Labor Code § 1194 and Wage Order 7. Wage Order 7, § 3 requires an employer to pay an employee one and one-half (1½) times and two times the employee's regular rate of pay for overtime and double time hours work. Defendants caused Plaintiff and members of the Direct Hire and Staffing Agency Classes to work overtime hours but failed to compensate these employees for all overtime hours actually worked.

31.    As a consequence of Defendants' non-payment of overtime wages, Plaintiff and members of the Direct Hire and Staffing Agency Classes seek recovery of the balance of unpaid overtime wages, including interest thereon, statutory penalties, attorneys' fees, and costs of suit according to Labor Code §§ 204, 210, 216, 218.6, 510, 1194, and 1198; Code of Civil Procedure § 1021.5; and Civil Code §§ 3287 and 3289.

## THIRD CAUSE OF ACTION

### MEAL PERIOD VIOLATIONS

#### (Against All Defendants)

32.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to provide all of their non-exempt employees in California, including

- 10 -

CLASS ACTION COMPLAINT

1  Plaintiff and members of the Direct Hire and Staffing Agency Classes, with all legally compliant

2  meal periods in accordance with the mandates of the Labor Code and Wage Order 7, § 11.

3      34.    Despite Defendants' violations, Defendants did not pay an additional hour of pay to

4  Plaintiff and members of the Direct Hire and Staffing Agency Classes at their respective regular

5  rates of compensation, in accordance with California Labor Code §§ 204, 210, 226.7, and 512.

6      35.    As a consequence of Defendants' unlawful meal period practices, Plaintiff and

7  members of the Direct Hire and Staffing Agency Classes seek recovery of unpaid premium wages

8  for meal period violations including interest thereon, statutory penalties, and costs of suit, pursuant

9  to Labor Code §§ 226.7, 512, 558, Wage Order 7, and Civil Code §§ 3287 and 3289.

10                    **FOURTH CAUSE OF ACTION**

11                    **REST PERIOD VIOLATIONS**

12                    **(Against All Defendants)**

13      36.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

14  fully set forth herein.

15      37.    Labor Code §§ 226.7, 516, 558, and Wage Order 7, § 12 and establish the right of

16  employees to be provided with a rest period of at least 10 minutes for each four-hour period

17  worked, or major fraction thereof. Plaintiff is informed and believes, and based thereon alleges, that

18  despite Defendants' failure to authorize and permit Plaintiff and members of the Direct Hire and

19  Staffing Agency Classes to take all legally compliant rest periods as alleged herein, Defendants did

20  not pay these individuals an additional hour of pay at their respective regular rate for the rest

21  periods that they failed to authorize and permit them to take, as required by Labor Code § 226.7.

22      38.    As a consequence of Defendants' unlawful rest period practices, Plaintiff and

23  members of the Direct Hire and Staffing Agency Classes seek recovery of unpaid premium wages

24  for rest period violations including interest thereon, statutory penalties, and costs of suit, statutory

25  penalties, attorneys' fees, and costs of suit according to Labor Code §§ 226.7, 516, 558, Wage

26  Order 7, and Civil Code §§ 3287 and 3289.

27  / / /

28  / / /

- 11 -

CLASS ACTION COMPLAINT

**FIFTH CAUSE OF ACTION**

**WAGE STATEMENT PENALTIES**

**(Against All Defendants)**

39.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

40.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiff and members of the Direct Hire and Staffing Agency Classes with accurate and complete, itemized wage statements that included, among other requirements, all hours worked, total gross wages earned, all rates of pay and corresponding number of hours worked, total net wages earned, the inclusive dates of the pay period, and/or the correct name and address of the legal entity that is the employer in violation of Labor Code § 226.

41.    Defendants' failure to furnish Plaintiff and members of the Direct Hire and Staffing Agency Classes with accurate and complete, itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of minimum and overtime wages and meal and rest period premium wages owed and deprived them of the information necessary to identify the discrepancies in Defendants' reported payroll data.

42.    As a consequence of Defendants' unlawful wage statement practices, Plaintiff and members of the Direct Hire and Staffing Agency Classes seek damages and/or statutory penalties, reasonable attorneys' fees, and costs of suit according to California Labor Code § 226.

**SIXTH CAUSE OF ACTION**

**WAITING TIME PENALTIES**

**(Against All Defendants)**

43.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

44.    This cause of action is brought pursuant to Labor Code §§ 201-203, which require an employer to pay all wages immediately at the time of separation of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of their

Exh. A - 020

1    intent to quit. In the event the employee provides less than 72 hours of notice of their intent to quit,

2    said employee's wages become due and payable not later than 72 hours upon said employee's last

3    date of employment.

4        45.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed

5    to timely pay members of the Direct Hire and Staffing Agency Classes all final wages due to them

6    at their separation from employment, including unpaid minimum and overtime wages as well as

7    unpaid meal and rest period premium wages.

8        46.    Furthermore, Plaintiff is informed and believes, and based thereon alleges, that as a

9    matter of uniform policy and practice, Defendants continue to fail to pay members of the Direct

10    Hire and Staffing Agency Classes all earned wages at the end of employment in a timely manner

11    pursuant to the requirements of Labor Code §§ 201-202.

12        47.    Defendants' failure to pay all final wages was willful within the meaning of Labor

13    Code § 203. Defendants' willful failure to timely pay members of the Direct Hire and Staffing

14    Agency Classes their earned wages upon separation from employment results in continued payment

15    of daily wages up to thirty days from the time the wages were due.

16        48.    As a consequence of Defendants' unlawful practices, members of the Direct Hire and

17    Staffing Agency Classes seek statutory penalties, and costs of suit according to California Labor

18    Code § 203.

19    **SEVENTH CAUSE OF ACTION**

20    **UNFAIR COMPETITION**

21    **(Against All Defendants)**

22        49.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

23    fully set forth herein.

24        50.    Defendants have engaged and continue to engage in unfair and/or unlawful business

25    practices in California in violation of Business and Professions Code § 17200, *et seq.*, by:

26        a.    failing to pay Plaintiff and members of the Direct Hire and Staffing Agency Classes

27        all minimum wages due;

28    / / /

- 13 -

CLASS ACTION COMPLAINT

b.  failing to pay Plaintiff and members of the Direct Hire and Staffing Agency Classes all overtime wages due;

c.  failing to provide Plaintiff and members of the Direct Hire and Staffing Agency Classes with all meal periods to which they are entitled, and failing to pay them all meal period premium wages due;

d.  failing to authorize and permit Plaintiff and members of the Direct Hire and Staffing Agency Classes all rest periods to which they are entitled, and failing to pay them all rest period premium wages due;

e.  failing to issue accurate and itemized wage statements to Plaintiff and members of the Direct Hire and Staffing Agency Classes; and

f.  failing to timely pay all final wages to Plaintiff and members of the Direct Hire and Staffing Agency Classes.

51.  Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

52.  Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for himself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

53.  The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, as follows:

1.  For an order certifying the proposed Classes;

2.  For an order appointing Plaintiff as representative of the Classes;

- 14 -
CLASS ACTION COMPLAINT

1    3.    For an order appointing Counsel for Plaintiff as Counsel for the Classes;

2    4.    Upon the First Cause of Action, for payment of minimum wages, liquidated

3    damages, and penalties according to proof pursuant to Labor Code §§ 1182.12, 1194, 1194.2, and

4    1197;

5    5.    Upon the Second Cause of Action, for payment of overtime wages and penalties

6    according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

7    6.    Upon the Third Cause of Action, for meal period premium wages according to proof

8    pursuant to Labor Code §§ 226.7, 512, and 558;

9    7.    Upon the Fourth Cause of Action, for rest period premium wages according to proof

10    pursuant to Labor Code §§ 226.7, 516, and 558;

11    8.    Upon the Fifth Cause of Action, for statutory penalties pursuant to Labor Code §

12    226;

13    9.    Upon the Sixth Cause of Action, for statutory penalties pursuant to Labor Code §

14    203;

15    10.    Upon the Seventh Cause of Action, for restitution to Plaintiff and members of the

16    Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or

17    practices declared by this Court to be in violation of Business and Professions Code §§ 17200, *et*

18    *seq*.;

19    11.    Prejudgment interest on all due and unpaid wages pursuant to Labor Code § 218.6

20    and Civil Code §§ 3287 and 3289;

21    12.    On all causes of action, for attorneys' fees and costs as provided by Labor Code §§

22    218.5, 226, 1194, 2699(g), and Code of Civil Procedure § 1021.5; and

23    13.    For such other and further relief, the Court may deem just and proper.

24    **<u>DEMAND FOR JURY TRIAL</u>**

25    Plaintiff hereby demands a trial by jury on all claims.

26    / / /

27    / / /

28    / / /

- 15 -

CLASS ACTION COMPLAINT

DATED: April 15, 2025                    **JUSTICE FOR WORKERS, P.C.**

By: _____
                                          William C. Sung
                                          Tiffany L. Luu
                                          Joseph C. Ramli
                                          Attorneys for Plaintiff NATHAN WILLIAMS

Exh. A - 024

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>William C. Sung, SB# 280792; Tiffany L. Luu, SB#335127 Joseph C. Ramli, SB# 339491<br>JUSTICE FOR WORKERS, P.C.; 9575 Bolsa Ave., Westminster, CA 92683<br><br>TELEPHONE NO.: 323-922-2000        FAX NO.: 323-922-2000<br>EMAIL ADDRESS: william@justiceforworkers.com<br>ATTORNEY FOR (Name): PLAINTIFF NATHAN WILLIAMS | *FOR COURT USE ONLY*<br>ELECTRONICALLY FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>4/16/2025 4:19 PM<br>By: Gabriel Mendoza, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
 STREET ADDRESS: 247 W 3rd St.
 MAILING ADDRESS: 247 W 3rd St.
 CITY AND ZIP CODE: San Bernardino, CA 92415
 BRANCH NAME: San Bernardino Justice Center

CASE NAME:
NATHAN WILLIAMS, v. STATES LOGISTICS SERVICES, INC ET AL.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>CIVSB2510823 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] Limited<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[x] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

2. This case [x] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
          issues that will be time-consuming to resolve                courts in other counties, states, or countries, or in a federal
   c. [x] Substantial amount of documentary evidence                court
                                                               f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: 7
5. This case [x] is [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015)*
Date: April 16, 2025
William C. Sung, Esq.
_____                              ►          _____
(TYPE OR PRINT NAME)                                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to
  the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

Exh. A - 025

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
    Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
       Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
       Physicians & Surgeons
    Other Professional Health Care
       Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
       and fall)
    Intentional Bodily Injury/PD/WD
       (e.g., assault, vandalism)
    Intentional Infliction of
       Emotional Distress
    Negligent Infliction of
       Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
       *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
       Contract *(not unlawful detainer*
       *or wrongful eviction)*
    Contract/Warranty Breach–Seller
       Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
       Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
       Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
       Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic*
    *relations)*
    Sister State Judgment
    Administrative Agency Award
    *(not unpaid taxes)*
    Petition/Certification of Entry of
       Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
    *harassment)*
    Mechanics Lien
    Other Commercial Complaint
       Case *(non-tort/non-complex)*
    Other Civil Complaint
       *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

privacy, please press the Clear This Form button after yo      Print this form      Save this form      Clear this form

Exh. A - 026



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| \*\*complex-class Action\*\* Williams -v- States Logistics Services, Inc Et Al | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE** | Case Number<br>CIVSB2510823 |

Justice For Workers
9575 Bolsa Avenue
Westminster Ca  92683

Please take notice that the above-entitled case has been set for a Case Management Conference.  You must appear at this hearing or your case may be dismissed and monetary penalties may be imposed.

Appearance Date:   10/27/2025 at 8:30 a.m. in Department Department S23 - SBJC

This case has been assigned to Judge Donald Alvarez in Department Department S23 - SBJC for all purposes.

Your Joint Statement must be filed, directly in the Complex Litigation Department, 5 calendar days prior to the hearing.

To the party served:  The setting of this date **does not** increase the time you have to respond to the petition.  The time for response is clearly stated on the Summons.

Please see the Guidelines for the Complex Litigation Program for further information.  The guidelines may be found at the Court website:  http://www.sb-court.org

**A copy of this notice must be served on the respondent.**

Date:  4/29/2025                                    Anabel Z. Romero
                                    By:    Gabriel Mendoza
                                           Deputy Clerk

---

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above listed notice by:

☒  Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐  Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐  A copy of this notice was given to the filing party at the counter.

☐  A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file stamped documents.

Date of Mailing: 4/29/2025

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 4/29/2025 at San Bernardino.

                                    By:   Gabriel Mendoza

ELECTRONICALLY RECEIVED - 4/16/2025 4:19 PM - By: Gabriel Mendoza, DEPUTY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

NATHAN WILLIAMS _____        CASE NO.: CIVSB2510823 _____

vs.        **CERTIFICATE OF ASSIGNMENT**

STATES LOGISTICS SERVICES, INC ET AL. _____

---

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

---

The undersigned declares that the above-entitled matter is filed for proceedings in the
SAN BERNARDINO _____ District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General        ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district                              . |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | _____ |
| ☒ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| STATES LOGISTICS SERVICES, INC ET AL. - DEFENDANT | | 11265 Beech Ave | |
|---|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS | |
| Fontana | CALIFORNIA | | 92337 |
| CITY | STATE | | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on April 16, 2025 _____ at LOS ANGELES _____, California

_____
Signature of Attorney/Party

CERTIFICATE OF ASSIGNMENT

13-16503-360,
Rev 06-2014 Mandatory

Exh. A - 028

1  **JUSTICE FOR WORKERS, P.C.**
   William C. Sung, SB# 280792
2    E-Mail: william@justiceforworkers.com
   Tiffany L. Luu, SB# 335127
3    E-Mail: tluu@justiceforworkers.com
   Joseph C. Ramli, SB# 339491
4    E-Mail: jramli@justiceforworkers.com
   9575 Bolsa Avenue
5  Westminster, CA 92683
   Tel: 323-922-2000
6  Fax: 323-922-2000

7  Attorneys for Plaintiff NATHAN WILLIAMS

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                **FOR THE COUNTY OF SAN BERNARDINO**

11

12  NATHAN WILLIAMS, an individual and on behalf of all others similarly situated;

13         Plaintiff,

14         vs.

15  STATES LOGISTICS SERVICES, INC., a
16  California corporation; KELLY SERVICES
    GLOBAL, LLC, a Michigan limited liability
17  company; and DOES 1 through 50,

18         Defendants.

19

| | |
|---|---|
| Case No.: CIVSB2510823 | |

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT:**

(1) **MINIMUM WAGE VIOLATIONS (LABOR CODE §§ 1182.12, 1194, 1194.2, 1197);**

(2) **OVERTIME WAGE VIOLATIONS (LABOR CODE §§ 204, 510, 1194, 1198);**

(3) **MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, 558);**

(4) **REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516, 558);**

(5) **WAGE STATEMENT PENALTIES (LABOR CODE § 226);**

(6) **WAITING TIME PENALTIES (LABOR CODE §§ 201-203);**

(7) **UNFAIR COMPETITION (BUS & PROF CODE §§ 17200, *et seq.*); and**

(8) **CIVIL PENALTIES UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT (LABOR CODE §§ 2698, *et seq.*)**

**DEMAND FOR JURY TRIAL**

- 1 -
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Plaintiff NATHAN WILLIAMS ("Plaintiff"), on behalf of himself and all others similarly situated, hereby brings this First Amended Class and Representative Action Complaint ("Complaint") against STATES LOGISTICS SERVICES, INC. ("Defendant SLS"), a California corporation; KELLY SERVICES GLOBAL, LLC ("Defendant KSG"), a Michigan limited liability company; and DOES 1 to 50 (collectively "Defendants"), and on information and belief alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff, on behalf of himself and all others similarly situated, hereby brings this Complaint for recovery of unpaid wages and penalties under California Business and Professions Code § 17200, *et seq.*, Labor Code §§ 201-204, 226, 226.7, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, 2698, *et seq.*, and Industrial Welfare Commission ("IWC") Wage Order 7-2001 ("Wage Order 7"), in addition to seeking injunctive relief, declaratory relief, and restitution. This Complaint is brought pursuant to California Code of Civil Procedure § 382. This Court has jurisdiction over Defendants' violations of the Labor Code because the amount in controversy exceeds $25,000.

2.      Venue is proper in this judicial district because Defendants maintain offices, have agents, and/or transact business in the State of California, including San Bernardino County, and some of the acts and omissions complained of herein occurred in San Bernardino County. Furthermore, Plaintiff was employed by Defendants within San Bernardino County.

## PARTIES

3.      Plaintiff is, and at all times relevant herein was, an individual over the age of eighteen (18) and is a California resident. Within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendants as a non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies, practices, and/or customs complained of herein and has been deprived of the rights guaranteed by Business and Professions Code § 17200, *et seq.*, Labor Code §§ 201-204, 226, 226.7, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, 2698, *et seq.*, and Wage Order 7.

/ / /

4.      Plaintiff is informed and believes, and based thereon alleges, that during the applicable statute of limitations for each cause of action pled herein and continuing to the present, Defendants engaged in, and continue to engage in, business, and employed Plaintiff and other, similarly-situated non-exempt employees within San Bernardino County, and the State of California and, therefore, were (and are) doing business in San Bernardino County and the State of California.

5.      Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 to 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed and believes, and based thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, was responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes (as defined below) to be subject to the unlawful employment practices, wrongs, injuries, and damages complained of herein.

6.      At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendant; and furthermore, Defendants, and each of them, were the agents, servants, and employees of each of the other defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

7.      Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

8.      At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership, and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership, and common enterprise.

/ / /

Exh. A - 031

1    9.    At all times herein mentioned, the acts and omissions of various Defendants, and

2    each of them, concurred and contributed to the various acts and omissions of each and all of the

3    other Defendants in proximately causing the injuries and damages as herein alleged.

4    **FACTUAL ALLEGATIONS**

5    10.    Defendant SLS owns and operates a distribution warehouses in California, including

6    Fontana, California. Defendant KSG is a staffing agency. Defendant KSG employed Plaintiff and

7    placed Plaintiff to work with Defendant SLS, and Defendant SLS employed Plaintiff through the

8    agency, from approximately February 3 to March 6, 2025 as an hourly paid, non-exempt employee

9    in Fontana, California.

10    11.    Throughout Plaintiff's employment with Defendants, Defendants' timekeeping

11    and/or payroll policies and practices resulted in Plaintiff and other non-exempt employees not being

12    compensated for all hours actually worked. Plaintiff and other non-exempt employees regularly

13    worked more than eight hours in a workday or 40 hours in a workweek. Upon information and

14    belief, during the relevant time period, Defendants failed to properly calculate and compensate

15    overtime hours worked based on their definition of the workday and workweek. Upon information

16    and belief, Defendants required Plaintiff and other non-exempt employees to perform work before

17    their scheduled shifts, after their scheduled shifts, and/or during off-the-clock meal breaks,

18    including waiting outside the facility to be let in the building by a Defendant SLS representative,

19    and failed to compensate employees for this time. As a result, Plaintiff and other non-exempt

20    employees were not compensated for all earned minimum and overtime wages.

21    12.    Defendants failed to provide Plaintiff and other non-exempt employees with all

22    legally compliant meal periods due to Defendants' meal period policies/practices, which have

23    frequently resulted in late (commencing after the fifth hour of work), short (less than 30 minutes),

24    and/or missed meal periods. Upon information and belief, Plaintiff and other non-exempt

25    employees were not able to take their legally compliant meal breaks due to work demands imposed

26    by Defendants. Upon information and belief, Defendants do not keep accurate records of Plaintiff's

27    and other non-exempt employees' hours worked, including accurate time records showing when

28    employees take their meal periods. On those occasions when Plaintiff and other non-exempt

- 4 -
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

employees were not provided with all legally compliant meal periods to which they were entitled, Defendants failed to compensate Plaintiff and other non-exempt employees with the required meal period premium(s) for each workday there was a meal period violation as mandated by Labor Code § 226.7.

13.     Plaintiff and other non-exempt employees were not authorized and permitted to take all required rest periods due to Defendants' unlawful rest period policies/practices, which failed to authorize and permit a net 10-minute rest period for every four hours worked, or major fraction thereof. Plaintiff and other non-exempt employees were not able to take their legally compliant rest breaks due to work demands imposed by Defendants. On those occasions when Plaintiff and other non-exempt employees were not authorized and permitted to take all legally compliant rest periods to which they were entitled, Defendants failed to compensate them with the required rest period premium(s) for each workday there was a rest period violation as mandated by Labor Code § 226.7. Upon information and belief, Defendants maintained no mechanism for the payment of rest period premium payments as required by Labor Code § 226.7, in the event that a legally compliant rest period was not authorized and permitted to their non-exempt employees.

14.     As a result of Defendants' failure to pay all minimum and overtime wages, failure to pay all meal and rest period premium wages, and unlawful timekeeping and payroll practices as alleged above, Defendants maintained inaccurate payroll records and issued inaccurate wage statements to Plaintiff and other non-exempt employees. As a further result of Defendants' failure to pay all minimum and overtime wages, nd meal and rest period premium wages, Defendants failed to timely pay all final wages to other former non-exempt employees upon their separation of employment from Defendants.

15.     Labor Code § 1198 provides: "The employment of any employee ... under conditions of labor prohibited by the [Industrial Wage Orders] is unlawful." Section 15 of the Wage Order provides: "(A) The temperature maintained in each work area shall provide reasonable comfort consistent with industry-wide standards for the nature of the process and the work performed. (B) If excessive heat or humidity is created by the work process, the employer shall take all feasible means to reduce such excessive heat or humidity to a degree providing reasonable comfort. Where

Exh. A - 033

1  the nature of the employment requires a temperature of less than 60° F, a heated room shall be

2  provided to which employees may retire for warmth, and such room shall be maintained at not less

3  than 68° F. (C) A temperature of not less than 68° F shall be maintained in the toilet rooms, resting

4  rooms, and change rooms during hours of use. (D) Federal and State energy guidelines shall prevail

5  over any conflicting provision of this section." California law requires an employer to endeavor to

6  provide a safe and healthy workplace. (Cal. Code Regs., tit. 8, §3203.) Labor Code § 6720 required

7  the California Division of Occupational Safety and Health ("Cal/OSHA") to propose an indoor heat

8  illness standard by January 1, 2019. Cal/OSHA has implemented standards for indoor heat illness

9  that applies to an indoor work area where the temperature or heat index equals or exceeds 87° F

10  when employees are present. (Cal. Code Regs., tit. 8, § 3396.) During the relevant time period,

11  Defendants failed to provide Plaintiff and other aggrieved employees with reasonable comfort by

12  maintaining the indoor temperature within the range of industry standards by, inter alia, complying

13  with Cal. Code Regs., tit. 8, § 3396 and failed to maintain a temperature of not less than 68° F in

14  rest rooms and breakrooms for Plaintiff and other aggrieved employees.

15                                    **CLASS ACTION ALLEGATIONS**

16        16.    **Class Definitions**: Plaintiff brings this action on behalf of himself and the following

17  Classes pursuant to § 382 of the California Code of Civil Procedure:

18        a.    <u>Direct Hire Class</u>: All current and former non-exempt employees directly hired and

19              employed by Defendant SLS in the State of California from July 21, 2024 through

20              the present.

21        b.    <u>Staffing Agency Class</u>: All current and former non-exempt employees placed to

22              work for Defendant SLS by staffing agencies, including but not limited to,

23              Defendant KSG, in the State of California during the four years immediately

24              preceding the filing of this action through the present.

25        17.    **Numerosity/Ascertainability**: The members of the Classes are so numerous that

26  joinder of all members would be impractical, if not impossible. The membership of the Classes is

27  unknown to Plaintiff at this time; however, it is estimated that the members of the Classes number

28  greater than 50 individuals. The identity of such membership is readily ascertainable via inspection

1    of Defendants' employment records, including payroll records.

2          18.    **Common Questions of Law and Fact Predominate/Well-Defined Community of**

3    **Interest**: There are predominant common questions of law and fact as to Plaintiff and members of

4    the Classes, which predominate over questions affecting only individual members including,

5    without limitation to:

6          a.    Whether Defendants properly paid all overtime wages to members of the Direct Hire

7                and Staffing Agency Classes;

8          b.    Whether Defendants paid at least the minimum wage for all hours worked to

9                members of the Direct Hire and Staffing Agency Classes;

10         c.    Whether Defendants provided all legally compliant meal periods or paid meal period

11               premium wages due to members of the Direct Hire and Staffing Agency Classes

12               pursuant to Labor Code §§ 226.7 and 512;

13         d.    Whether Defendants authorized and permitted all legally compliant rest periods or

14               paid all rest period premium wages due to members of the Direct Hire and Staffing

15               Agency Classes pursuant to Labor Code §§ 226.7 and 516;

16         e.    Whether Defendants furnished legally compliant wage statements to members of the

17               Direct Hire and Staffing Agency Classes pursuant to Labor Code § 226; and

18         f.    Whether Defendants timely paid all final wages to members of the Direct Hire and

19               Staffing Agency Classes at the time of their separation of employment pursuant to

20               Labor Code §§ 201 and 202.

21         These common questions of law and fact set forth above are numerous and substantial and

22   stem from Defendants' policies and/or practices applicable to each individual class member. As

23   such, the common questions predominate over individual questions concerning each individual

24   class member's showing as to their eligibility for recovery or as to the amount of their damages.

25         19.    **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because

26   Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s)

27   of limitations period applicable to each cause of action pled in the Complaint. As alleged herein,

28   Plaintiff, like the members of the Classes, was not paid all minimum and overtime wages owed due

- 7 -
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

to Defendants' timekeeping and payroll policies/practices, not provided all required meal periods, not authorized and permitted all rest periods, did not receive premium pay for non-compliant meal and rest periods, and not provided with accurate, compliant, itemized wage statements.

20.    **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have litigated numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

21.    **Superiority**: The Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.

22.    Moreover, requiring each member of the Class(es) to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. The claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending hereto.

23.    Furthermore, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish

Exh. A - 036

1  potentially incompatible standards of conduct for Defendants; and/or legal determinations with

2  respect to individual class members which would, as a practical matter, be dispositive of the interest

3  of the other class members not parties to adjudications or which would substantially impair or

4  impede the ability of the class members to protect their interests. As such, the Classes identified

5  hereinabove are maintainable as classes under § 382 of the Code of Civil Procedure.

6                              **FIRST CAUSE OF ACTION**

7                            **MINIMUM WAGE VIOLATIONS**

8                               **(Against All Defendants)**

9        24.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

10  fully set forth herein.

11       25.     Labor Code §§ 1182.12, 1197, and Wage Order 7, § 4 establish the right of

12  employees to be paid minimum wages for all hours worked, in amounts set by state or local law.

13  Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal

14  minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with

15  attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid

16  wages and interest accrued thereon. At all relevant times herein, Defendants failed to conform its

17  pay practices to the requirements of the law by failing to pay Plaintiff and members of the Direct

18  Hire and Staffing Agency Classes for all hours worked, including, but not limited to, all hours they

19  were subject to the control of Defendants and/or suffered or permitted to work under the Labor

20  Code and Wage Order 7.

21       26.     Labor Code § 1198 makes unlawful the employment of an employee under

22  conditions that the IWC prohibits. California Labor Code § 1194(a) and 1194.2(a) provide that an

23  employer who has failed to pay its employees the legal minimum wage is liable to pay those

24  employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount

25  equal to the wages due and interest thereon.

26       27.     As a consequence of Defendants' non-payment of minimum wages, Plaintiff and

27  members of the Direct Hire and Staffing Agency Classes seek recovery of the balance of unpaid

28  wages, including interest thereon, statutory penalties, attorneys' fees, and costs of suit according to

1  Labor Code §§ 218.6, 558, 1194, 1194.2, and 1199, Code of Civil Procedure § 1021.5; and Civil

2  Code §§ 3287 and 3289.

3                        **SECOND CAUSE OF ACTION**

4                        **OVERTIME WAGE VIOLATIONS**

5                        **(Against All Defendants)**

6       28.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

7  fully set forth herein.

8       29.    This cause of action is brought pursuant to Labor Code §§ 204, 510, 1194, 1198, and

9  Wage Order 7, § 3, which provide that non-exempt employees are entitled to all overtime wages

10  and compensation for all overtime hours worked and provide a private right of action for the failure

11  to pay all overtime compensation for overtime work performed.

12      30.    At all times relevant herein, Defendants were required to properly compensate non-

13  exempt employees, including Plaintiff and members of the Direct Hire and Staffing Agency

14  Classes, for all overtime hours worked pursuant to Labor Code § 1194 and Wage Order 7. Wage

15  Order 7, § 3 requires an employer to pay an employee one and one-half (1½) times and two times

16  the employee's regular rate of pay for overtime and double time hours work. Defendants caused

17  Plaintiff and members of the Direct Hire and Staffing Agency Classes to work overtime hours but

18  failed to compensate these employees for all overtime hours actually worked.

19      31.    As a consequence of Defendants' non-payment of overtime wages, Plaintiff and

20  members of the Direct Hire and Staffing Agency Classes seek recovery of the balance of unpaid

21  overtime wages, including interest thereon, statutory penalties, attorneys' fees, and costs of suit

22  according to Labor Code §§ 204, 210, 216, 218.6, 510, 1194, and 1198; Code of Civil Procedure §

23  1021.5; and Civil Code §§ 3287 and 3289.

24                        **THIRD CAUSE OF ACTION**

25                        **MEAL PERIOD VIOLATIONS**

26                        **(Against All Defendants)**

27      32.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

28  fully set forth herein.

1    33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed

2    in their affirmative obligation to provide all of their non-exempt employees in California, including

3    Plaintiff and members of the Direct Hire and Staffing Agency Classes, with all legally compliant

4    meal periods in accordance with the mandates of the Labor Code and Wage Order 7, § 11.

5    34.    Despite Defendants' violations, Defendants did not pay an additional hour of pay to

6    Plaintiff and members of the Direct Hire and Staffing Agency Classes at their respective regular

7    rates of compensation, in accordance with California Labor Code §§ 204, 210, 226.7, and 512.

8    35.    As a consequence of Defendants' unlawful meal period practices, Plaintiff and

9    members of the Direct Hire and Staffing Agency Classes seek recovery of unpaid premium wages

10    for meal period violations including interest thereon, statutory penalties, and costs of suit, pursuant

11    to Labor Code §§ 226.7, 512, 558, Wage Order 7, and Civil Code §§ 3287 and 3289.

12    **FOURTH CAUSE OF ACTION**

13    **REST PERIOD VIOLATIONS**

14    **(Against All Defendants)**

15    36.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

16    fully set forth herein.

17    37.    Labor Code §§ 226.7, 516, 558, and Wage Order 7, § 12 and establish the right of

18    employees to be provided with a rest period of at least 10 minutes for each four-hour period

19    worked, or major fraction thereof. Plaintiff is informed and believes, and based thereon alleges, that

20    despite Defendants' failure to authorize and permit Plaintiff and members of the Direct Hire and

21    Staffing Agency Classes to take all legally compliant rest periods as alleged herein, Defendants did

22    not pay these individuals an additional hour of pay at their respective regular rate for the rest

23    periods that they failed to authorize and permit them to take, as required by Labor Code § 226.7.

24    38.    As a consequence of Defendants' unlawful rest period practices, Plaintiff and

25    members of the Direct Hire and Staffing Agency Classes seek recovery of unpaid premium wages

26    for rest period violations including interest thereon, statutory penalties, and costs of suit, statutory

27    penalties, attorneys' fees, and costs of suit according to Labor Code §§ 226.7, 516, 558, Wage

28    Order 7, and Civil Code §§ 3287 and 3289.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1

**FIFTH CAUSE OF ACTION**

2

**WAGE STATEMENT PENALTIES**

3

**(Against All Defendants)**

4    39.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

5  fully set forth herein.

6    40.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

7  knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiff

8  and members of the Direct Hire and Staffing Agency Classes with accurate and complete, itemized

9  wage statements that included, among other requirements, all hours worked, total gross wages

10  earned, all rates of pay and corresponding number of hours worked, total net wages earned, the

11  inclusive dates of the pay period, and/or the correct name and address of the legal entity that is the

12  employer in violation of Labor Code § 226.

13    41.    Defendants' failure to furnish Plaintiff and members of the Direct Hire and Staffing

14  Agency Classes with accurate and complete, itemized wage statements resulted in actual injury, as

15  said failures led to, among other things, the non-payment of minimum and overtime wages and meal

16  and rest period premium wages owed and deprived them of the information necessary to identify the

17  discrepancies in Defendants' reported payroll data.

18    42.    As a consequence of Defendants' unlawful wage statement practices, Plaintiff and

19  members of the Direct Hire and Staffing Agency Classes seek damages and/or statutory penalties,

20  reasonable attorneys' fees, and costs of suit according to California Labor Code § 226.

21

**SIXTH CAUSE OF ACTION**

22

**WAITING TIME PENALTIES**

23

**(Against All Defendants)**

24    43.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

25  fully set forth herein.

26    44.    This cause of action is brought pursuant to Labor Code §§ 201-203, which require an

27  employer to pay all wages immediately at the time of separation of employment in the event the

28  employer discharges the employee or the employee provides at least 72 hours of notice of their

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1 | intent to quit. In the event the employee provides less than 72 hours of notice of their intent to quit,

2 | said employee's wages become due and payable not later than 72 hours upon said employee's last

3 | date of employment.

4 | 45. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed

5 | to timely pay members of the Direct Hire and Staffing Agency Classes all final wages due to them

6 | at their separation from employment, including unpaid minimum and overtime wages as well as

7 | unpaid meal and rest period premium wages.

8 | 46. Furthermore, Plaintiff is informed and believes, and based thereon alleges, that as a

9 | matter of uniform policy and practice, Defendants continue to fail to pay members of the Direct

10 | Hire and Staffing Agency Classes all earned wages at the end of employment in a timely manner

11 | pursuant to the requirements of Labor Code §§ 201-202.

12 | 47. Defendants' failure to pay all final wages was willful within the meaning of Labor

13 | Code § 203. Defendants' willful failure to timely pay members of the Direct Hire and Staffing

14 | Agency Classes their earned wages upon separation from employment results in continued payment

15 | of daily wages up to thirty days from the time the wages were due.

16 | 48. As a consequence of Defendants' unlawful practices, members of the Direct Hire and

17 | Staffing Agency Classes seek statutory penalties, and costs of suit according to California Labor

18 | Code § 203.

19 | **SEVENTH CAUSE OF ACTION**

20 | **UNFAIR COMPETITION**

21 | **(Against All Defendants)**

22 | 49. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

23 | fully set forth herein.

24 | 50. Defendants have engaged and continue to engage in unfair and/or unlawful business

25 | practices in California in violation of Business and Professions Code § 17200, *et seq.*, by:

26 | a. failing to pay Plaintiff and members of the Direct Hire and Staffing Agency Classes

27 | all minimum wages due;

28 | b. failing to pay Plaintiff and members of the Direct Hire and Staffing Agency Classes

- 13 -
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1          all overtime wages due;

2     c.    failing to provide Plaintiff and members of the Direct Hire and Staffing Agency

3           Classes with all meal periods to which they are entitled, and failing to pay them all

4           meal period premium wages due;

5     d.    failing to authorize and permit Plaintiff and members of the Direct Hire and Staffing

6           Agency Classes all rest periods to which they are entitled, and failing to pay them all

7           rest period premium wages due;

8     e.    failing to issue accurate and itemized wage statements to Plaintiff and members of

9           the Direct Hire and Staffing Agency Classes; and

10    f.    failing to timely pay all final wages to Plaintiff and members of the Direct Hire and

11          Staffing Agency Classes.

12    51.    Defendants' utilization of these unfair and/or unlawful business practices deprived

13 Plaintiff and continues to deprive members of the Classes of compensation to which they are legally

14 entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over

15 Defendants' competitors who have been and/or are currently employing workers and attempting to

16 do so in honest compliance with applicable wage and hour laws.

17    52.    Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged

18 herein, Plaintiff for himself and on behalf of the members of the Classes, seeks full restitution of

19 monies, as necessary and according to proof, to restore any and all monies withheld, acquired

20 and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

21    53.    The acts complained of herein occurred within the last four years immediately

22 preceding the filing of the Complaint in this action.

23                    **EIGHTH CAUSE OF ACTION**

24                  **PRIVATE ATTORNEYS GENERAL ACT**

25                      **(Against All Defendants)**

26    54.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

27 fully set forth herein.

28    55.    Plaintiff, an "aggrieved employee" within the meaning of Labor Code §§ 2698, *et*

- 14 -

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1   *seq.*, acting on behalf of himself and other aggrieved employees (collectively, "Aggrieved

2   Employees"), brings this representative action against Defendants to recover the civil penalties due

3   to Plaintiff and other Aggrieved Employees, and the State of California according to proof pursuant

4   to Labor Code §§ 558 and 2699(a) and (f) including, but not limited to: (1) $100.00 for each initial

5   violation for each failure to pay each employee and $200 for each subsequent violation or willful or

6   intentional violation pursuant to Labor Code §§ 210 and/or 225.5 for each failure to pay each

7   employee, plus 25% of the amount unlawfully withheld; (2) $50.00 for each initial violation and

8   $100 for each subsequent violation pursuant to Labor Code § 558 per employee per pay period; (3)

9   $100 for each initial violation and $250 for each subsequent violation pursuant to Labor Code §

10   1197.1 per employee per pay period; (4) $250 for each initial violation and $1,000 for each

11   subsequent violation pursuant to Labor Code § 226.3 per employee per pay period; (5) pursuant to

12   Labor Code § 256, a civil penalty in an amount not exceeding 30 days per former employee as

13   waiting time under the terms of Labor Code § 203; and/or (6) $100 for each initial violation and

14   $200 for each subsequent violation per employee per pay period for those violations of the Labor

15   Code for which no civil penalty is specifically provided, based on the following Labor Code

16   violations:

17        a.    Failing to pay minimum wages for all hours worked to Aggrieved Employees in

18                violation of Labor Code § 558, 1182.12, 1194, 1194.2, 1197, and 1198;

19        b.    Failing to pay Aggrieved Employees all earned overtime compensation in violation

20                of Labor Code §§ 204, 510, 558, 1194, and 1198;

21        c.    Failing to provide all legally required meal periods, and failure to pay meal period

22                premium wages, to Aggrieved Employees at the regular rate of compensation in

23                violation of Labor Code §§ 226.7, 512, 558, and 1198;

24        d.    Failing to authorize and permit all legally required rest periods, and failure to pay

25                rest period premium wages, to Aggrieved Employees at the regular rate of

26                compensation in violation of Labor Code §§ 226.7, 516, 558, and 1198;

27        e.    Failing to furnish Aggrieved Employees with complete, accurate, itemized wage

28                statements in violation of Labor Code § 226;

- 15 -

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1       f.      Failing to timely pay all final wages and compensation earned by Aggrieved

2           Employees at the time of separation in violation of Labor Code §§ 201-202;

3       g.      Failing to pay Aggrieved Employees all earned wages at least twice during each

4           calendar month in violation of Labor Code § 204;

5       h.      Failing to comply with Wage Order 7, § 15's regulations on temperature in the

6           workplace in violation of Labor Code § 1198; and

7       i.       Failing to maintain accurate records on behalf of Aggrieved Employees in violation

8           of Labor Code §§ 1174 and 1198.

9       56.    On or about April 15, 2025, Plaintiff notified Defendants via certified mail, and

10 notified the California Labor and Workforce Development Agency ("LWDA") via its website, of

11 Defendants' violations of the Labor Code and Plaintiff's intent to bring a claim for civil penalties

12 under Labor Code §§ 2698, *et seq.* with respect to the violations of the Labor Code identified in the

13 preceding paragraph. Now that 33 days and 65 days have passed from Plaintiff notifying

14 Defendants and the LWDA of these violations, Defendants have not cured any curable violations,

15 and the LWDA has not provided notice that it intends to investigate the violations, Plaintiff has

16 exhausted administrative requirements for bringing a claim under the Private Attorneys General Act

17 with respect to these violations.

18      57.    Plaintiff has incurred attorneys' fees and costs, which Plaintiff is entitled to receive

19 under California Labor Code § 2699(g).

20                 **PRAYER FOR RELIEF**

21      WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf

22 this suit is brought against Defendants, as follows:

23      1.     For an order certifying the proposed Classes;

24      2.     For an order appointing Plaintiff as representative of the Classes;

25      3.     For an order appointing Counsel for Plaintiff as Counsel for the Classes;

26      4.     Upon the First Cause of Action, for payment of minimum wages, liquidated

27 damages, and penalties according to proof pursuant to Labor Code §§ 1182.12, 1194, 1194.2, and

28 1197;

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

5. Upon the Second Cause of Action, for payment of overtime wages and penalties according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

6. Upon the Third Cause of Action, for meal period premium wages according to proof pursuant to Labor Code §§ 226.7, 512, and 558;

7. Upon the Fourth Cause of Action, for rest period premium wages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;

8. Upon the Fifth Cause of Action, for statutory penalties pursuant to Labor Code § 226;

9. Upon the Sixth Cause of Action, for statutory penalties pursuant to Labor Code § 203;

10. Upon the Seventh Cause of Action, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code §§ 17200, *et seq.*;

11. Upon the Eighth Cause of Action, for civil penalties due to Plaintiff, other Aggrieved Employees, and the State of California according to proof pursuant to Labor Code §§ 558 and 2699(a) and (f) including, but not limited to: (1) $100.00 for each initial violation for each failure to pay each employee and $200 for each subsequent violation or willful or intentional violation pursuant to Labor Code §§ 210 and/or 225.5 for each failure to pay each employee, plus 25% of the amount unlawfully withheld; (2) $50.00 for each initial violation and $100 for each subsequent violation pursuant to Labor Code § 558 per employee per pay period; (3) $100.00 for each initial violation and $250.00 for each subsequent violation pursuant to Labor Code § 1197.1 per employee per pay period; (4) $250.00 for each initial violation and $1,000.00 for each subsequent violation pursuant to Labor Code § 226.3 per employee per pay period; (5) pursuant to Labor Code § 256, a civil penalty in an amount not exceeding 30 days per former employee as waiting time under the terms of Labor Code § 203; and/or (6) $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided;

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Exh. A - 045

12.    Prejudgment interest on all due and unpaid wages pursuant to Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

13.    On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 218.5, 226, 1194, 2699(g), and Code of Civil Procedure § 1021.5; and

14.    For such other and further relief, the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims.

DATED: June 16, 2025                    **JUSTICE FOR WORKERS, P.C.**

By: _____
William C. Sung
Tiffany L. Luu
Attorneys for Plaintiff NATHAN WILLIAMS

Exh. A - 046