Jennifer Riley (SBN #360545)
**DUANE MORRIS LLP**
865 South Figueroa Street, Suite 3100
Los Angeles, CA 90017
E-mail:     jariley@duanemorris.com

Aaron Winn (SBN #229763)
**DUANE MORRIS LLP**
750 B St Ste 2900
San Diego, CA 92101-8127
Email:      awinn@duanemorris.com

Gerald L. Maatman (IL 6181016) *(pro hac vice application forthcoming)*
**DUANE MORRIS LLP**
190 S. LaSalle Street, Suite 3700
Chicago, IL 60603
E-mail:     gmaatman@duanemorris.com

Shannon Noelle (PA 326811) *(pro hac vice application forthcoming)*
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
E-mail:     snoelle@duanemorris.com

Attorneys for Defendant,
KELLY SERVICES GLOBAL, LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN WILLIAMS, individually, and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>     v.<br><br>STATES LOGISTICS SERVICES, INC.; a California corporation; KELLY SERVICES GLOBAL, LLC; and DOES 1 through 50,<br><br>              Defendants. | Case No. <u>5:25-cv-01888</u><br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT KELLY SERVICES GLOBAL, LLC'S NOTICE OF REMOVAL OF CIVIL CLASS ACTION TO THE UNITED STATES DISTRICT COURT**<br><br>[Removed from San Bernardino Superior Court, Case No. CIVSB2510823]<br><br>*[Filed concurrently with Notice of Removal, Declaration of Kristen Yerkovich, Declaration of Jennifer Monson, Corporate Disclosure Statement, Civil Case Cover Sheet, and Notice of Interested Parties]* |

## REQUEST FOR JUDICIAL NOTICE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Defendant KELLY SERVICES GLOBAL, LLC ("KSG") hereby submits this Request for Judicial Notice in Support of its Notice of Removal of Civil Action to the U.S. District Court ("RJN").

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (Fed. R. Evid. 201(b).) The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Courts may take judicial notice of publicly available court records that are not subject to reasonable dispute. (*See Villarroel v. Recology Inc.*, 775 F. Supp. 3d 1050, 1061 (N.D. Cal. 2025).)

Accordingly, KSG respectfully requests that the Court take judicial notice of the following documents from the currently pending state court action from which KSG seeks removal: *Williams v. States Logistics Services, Inc et al.*, CIVSB2510823 (Cal. Superior Ct, San Bernardino County, filed Apr. 16, 2025) (last accessed July 23, 2025) (the "San Bernardino Action"):

1.     **Exhibit A** is a true and correct copy of the docket from the San Bernadino Action. The docket is a publicly available court record and thus is judicially noticeable under Rule 201.

2.     **Exhibit B** is a true and correct copy of the Certificate of Assignment filed on April 16, 2025. Pursuant to Rule 201 of the Federal Rules of Evidence, the document is subject to judicial notice as a court record.

3.     **Exhibit C** is a true and correct copy of the Civil Case Cover Sheet filed on April 16, 2025. Pursuant to Rule 201 of the Federal Rules of Evidence, the document is subject to judicial notice as a court record.

4.     **Exhibit D** is a true and correct copy of the Complaint filed on April 16, 2025.  Pursuant to Rule 201 of the Federal Rules of Evidence, the document is subject to judicial notice as a court record.

5.     **Exhibit E** is a true and correct copy of the Notice of Case Assignment for all Purposes/Notice of Case Management Conference entered on April 29, 2025. Pursuant to Rule 201 of the Federal Rules of Evidence, the document is subject to judicial notice as a court record.

6.     **Exhibit F** is a true and correct copy of the Summons filed on April 29, 2025.  Pursuant to Rule 201 of the Federal Rules of Evidence, the document is subject to judicial notice as a court record.

7.     **Exhibit G** is a true and correct copy of the First Amended Complaint filed on June 18, 2025.  Pursuant to Rule 201 of the Federal Rules of Evidence, the document is subject to judicial notice as a court record.

8.     **Exhibit H** is a true and correct copy of the Proof of Service of Summons filed on June 23, 2025.  Pursuant to Rule 201 of the Federal Rules of Evidence, the document is subject to judicial notice as a court record.

9.     **Exhibit H** is a true and correct copy of the Proof of Service of Summons on Defendant States Logistics Services, Inc. filed on June 23, 2025.  Pursuant to Rule 201 of the Federal Rules of Evidence, the document is subject to judicial notice as a court record.

10.     **Exhibit I** is a true and correct copy of the Proof of Service of Summons on Defendant KSG filed on June 25, 2025.  Pursuant to Rule 201 of the Federal Rules of Evidence, the document is subject to judicial notice as a court record.

11.     **Exhibit J** is a true and correct copy of the Defendant States Logistics Services, Inc.'s Answer filed on July 21, 2025.  Pursuant to Rule 201 of the Federal Rules of Evidence, the document is subject to judicial notice as a court record.

REQUEST FOR JUDICIAL NOTICE

Dated: July 23, 2025

**DUANE MORRIS LLP**


By /s/ *Aaron Winn*
Jennifer Riley
Aaron Winn
Jerry Maatman
Shannon Noelle

Attorneys for Defendant,
KELLY SERVICES GLOBAL, LLC

REQUEST FOR JUDICIAL NOTICE

# Exhibit A

## *CIVSB2510823, \*\*Complex-Class Action\*\* Williams -v- States Logistics Services, Inc et al*

CA Superior - San Bernardino

San Bernardino

**This case was retrieved on 07/23/2025**

# Header

**Case Number:** CIVSB2510823
**Date Filed:** 04/16/2025
**Date Full Case Retrieved:** 07/23/2025
**Status:** Open
**Misc:** (23) Other Employment Unlimited; CIVIL

# Summary

**Judge:** Donald Alvarez

# Participants

| **Litigants** | **Attorneys** |
|---|---|
| Williams, Nathan | Justice for Workers |
| **Plaintiff** | Lead Attorney |
| Alias: AN INDIVIDUAL AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | |
| DOES 1 through 50 | |
| **Defendant** | |
| Kelly Services Global, LLC | |
| **Defendant** | |
| Alias: A MICHIGAN LIMITED LIABILITY COMPANY | |
| States Logistics Services, Inc | |
| **Defendant** | |
| Alias: A CALIFORNIA CORPORATION | |

# Pending Hearings

| Date | Department | Details |
|---|---|---|
| 10/27/20259:00AM | Department S23 - SBJC | Case Management Conference |
| | | Judge: Alvarez, Donald |

# Proceedings

| Date | # | Proceeding Text | Details |
|---|---|---|---|
| 04/16/2025 | | Certificate of Assignment Received | FiledBy:Nathan Williams |
| 04/16/2025 | | Civil Case Cover Sheet Filed | FiledBy:Nathan Williams |
| 04/16/2025 | | Complaint Filed | |

Exh. A - 006

CIVSB2510823, **Complex-Class Action** Williams -v- States Logistics Services, Inc et al

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| | | | FiledBy:Nathan Williams |
| 04/16/2025 | | Jurisdiction Verified | Comment:Fontana, CA 92337 |
| 04/29/2025 | | Notice of Hearing Sent | |
| 04/29/2025 | | Summons Issued and Filed | FiledBy:Nathan Williams |
| 06/18/2025 | | Amended Complaint Filed | FiledBy:Nathan Williams<br><br>Comment:FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT filed by plaintiff Nathan Williams |
| 06/23/2025 | | Proof of Service of Summons and Comp/Pet Filed | FiledBy:Nathan Williams |
| 06/25/2025 | | Proof of Service of Summons and Comp/Pet Filed | FiledBy:Nathan Williams |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

**End of Document**

# Exhibit B

ELECTRONICALLY RECEIVED - 4/16/2025 4:19 PM - By: Gabriel Mendoza, DEPUTY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

NATHAN WILLIAMS

CASE NO.: CIVSB2510823

vs.

**CERTIFICATE OF ASSIGNMENT**

STATES LOGISTICS SERVICES, INC ET AL.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
SAN BERNARDINO District of the Superior Court under Rule 404 of this court for the checked reason:

■ General          ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district                    . |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | _____ |
| ☒ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| STATES LOGISTICS SERVICES, INC ET AL. - DEFENDANT | | 11265 Beech Ave | |
|---|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS | |
| Fontana | CALIFORNIA | | 92337 |
| CITY | STATE | | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on April 16, 2025              at LOS ANGELES                              , California

_Signature of Attorney/Party_

**CERTIFICATE OF ASSIGNMENT**

13-16503-360,
Rev 06-2014 Mandatory

# Exhibit C

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>William C. Sung, SB# 280792; Tiffany L. Luu, SB#335127 Joseph C. Ramli, SB# 339491<br>JUSTICE FOR WORKERS, P.C.; 9575 Bolsa Ave., Westminster, CA 92683<br><br>TELEPHONE NO.: 323-922-2000          FAX NO.: 323-922-2000<br>EMAIL ADDRESS: william@justiceforworkers.com<br>ATTORNEY FOR *(Name):* PLAINTIFF NATHAN WILLIAMS | ***FOR COURT USE ONLY***<br>ELECTRONICALLY FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>4/16/2025 4:19 PM<br>By: Gabriel Mendoza, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 W 3rd St.
MAILING ADDRESS: 247 W 3rd St.
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino Justice Center

CASE NAME:
NATHAN WILLIAMS, v. STATES LOGISTICS SERVICES, INC ET AL.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000)   [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CIVSB2510823<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [x] Substantial amount of documentary evidence
  d. [x] Large number of witnesses
  e. [x] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 7
5. This case [x] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 16, 2025
William C. Sung, Esq.

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

Exh. C - 011

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
    Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
        Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic
    relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

---

CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Page 2 of 2

privacy, please press the Clear This Form button after yo...

| Print this form | Save this form |     | Clear this form |

# Exhibit D

**JUSTICE FOR WORKERS, P.C.**
William C. Sung, SB# 280792
  E-Mail: william@justiceforworkers.com
Tiffany L. Luu, SB# 335127
  E-Mail: tluu@justiceforworkers.com
Joseph C. Ramli, SB# 339491
  E-Mail: jramli@justiceforworkers.com
9575 Bolsa Avenue
Westminster, CA 92683
Tel: 323-922-2000
Fax: 323-922-2000

Attorneys for Plaintiff NATHAN WILLIAMS

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
4/16/2025 4:19 PM
By: Gabriel Mendoza, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

NATHAN WILLIAMS, an individual and on behalf of all others similarly situated;

    Plaintiff,

    vs.

STATES LOGISTICS SERVICES, INC., a California corporation; KELLY SERVICES GLOBAL, LLC, a Michigan limited liability company; and DOES 1 through 50,

    Defendants.

Case No.:  CIVSB2510823

**CLASS ACTION COMPLAINT:**

(1) **MINIMUM WAGE VIOLATIONS (LABOR CODE §§ 1182.12, 1194, 1194.2, 1197);**

(2) **OVERTIME WAGE VIOLATIONS (LABOR CODE §§ 204, 510, 1194, 1198);**

(3) **MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, 558);**

(4) **REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516, 558);**

(5) **WAGE STATEMENT PENALTIES (LABOR CODE § 226);**

(6) **WAITING TIME PENALTIES (LABOR CODE §§ 201-203);**

(7) **UNFAIR COMPETITION (BUS & PROF CODE §§ 17200, *et seq.*)**

**DEMAND FOR JURY TRIAL**

- 1 -
CLASS ACTION COMPLAINT

Plaintiff NATHAN WILLIAMS ("Plaintiff"), on behalf of himself and all others similarly situated, hereby brings this Class Action Complaint ("Complaint") against STATES LOGISTICS SERVICES, INC. ("Defendant SLS"), a California corporation; KELLY SERVICES GLOBAL, LLC ("Defendant KSG"), a Michigan limited liability company; and DOES 1 to 50 (collectively "Defendants"), and on information and belief alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff, on behalf of himself and all others similarly situated, hereby brings this Complaint for recovery of unpaid wages and penalties under California Business and Professions Code § 17200, *et seq.*, Labor Code §§ 201-204, 226, 226.7, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, 2698, *et seq.*, and Industrial Welfare Commission ("IWC") Wage Order 7-2001 ("Wage Order 7"), in addition to seeking injunctive relief, declaratory relief, and restitution. This Complaint is brought pursuant to California Code of Civil Procedure § 382. This Court has jurisdiction over Defendants' violations of the Labor Code because the amount in controversy exceeds $25,000.

2.      Venue is proper in this judicial district because Defendants maintain offices, have agents, and/or transact business in the State of California, including San Bernardino County, and some of the acts and omissions complained of herein occurred in San Bernardino County. Furthermore, Plaintiff was employed by Defendants within San Bernardino County.

## PARTIES

3.      Plaintiff is, and at all times relevant herein was, an individual over the age of eighteen (18) and is a California resident. Within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendants as a non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies, practices, and/or customs complained of herein and has been deprived of the rights guaranteed by Business and Professions Code § 17200, *et seq.*, Labor Code §§ 201-204, 226, 226.7, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, 2698, *et seq.*, and Wage Order 7.

4.      Plaintiff is informed and believes, and based thereon alleges, that during the applicable statute of limitations for each cause of action pled herein and continuing to the present,

Exh. D - 015

1   Defendants engaged in, and continue to engage in, business, and employed Plaintiff and other,

2   similarly-situated non-exempt employees within San Bernardino County, and the State of California

3   and, therefore, were (and are) doing business in San Bernardino County and the State of California.

4          5.      Plaintiff does not know the true names or capacities, whether individual, partner, or

5   corporate, of the defendants sued herein as DOES 1 to 50, inclusive, and for that reason, said

6   defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to

7   amend this Complaint when such true names and capacities are discovered. Plaintiff is informed and

8   believes, and based thereon alleges, that each of said fictitious defendants, whether individual,

9   partners, or corporate, was responsible in some manner for the acts and omissions alleged herein,

10  and proximately caused Plaintiff and the Classes (as defined below) to be subject to the unlawful

11  employment practices, wrongs, injuries, and damages complained of herein.

12         6.      At all times herein mentioned, each of said Defendants participated in the doing of

13  the acts hereinafter alleged to have been done by the named Defendant; and furthermore,

14  Defendants, and each of them, were the agents, servants, and employees of each of the other

15  defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting

16  within the course and scope of said agency and employment.

17         7.      Plaintiff is informed and believes, and based thereon alleges, that at all times

18  material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or

19  joint venturer of, or working in concert with each of the other co-Defendants and was acting within

20  the course and scope of such agency, employment, joint venture, or concerted activity. To the extent

21  said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining

22  Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

23         8.      At all times herein mentioned, Defendants, and each of them, were members of, and

24  engaged in, a joint venture, partnership, and common enterprise, and acting within the course and

25  scope of, and in pursuance of, said joint venture, partnership, and common enterprise.

26         9.      At all times herein mentioned, the acts and omissions of various Defendants, and

27  each of them, concurred and contributed to the various acts and omissions of each and all of the

28  other Defendants in proximately causing the injuries and damages as herein alleged.

## **FACTUAL ALLEGATIONS**

10.    Defendant SLS owns and operates a distribution warehouses in California, including Fontana, California. Defendant KSG is a staffing agency. Defendant KSG employed Plaintiff and placed Plaintiff to work with Defendant SLS, and Defendant SLS employed Plaintiff through the agency, from approximately February 3 to March 6, 2025 as an hourly paid, non-exempt employee in Fontana, California.

11.    Throughout Plaintiff's employment with Defendants, Defendants' timekeeping and/or payroll policies and practices resulted in Plaintiff and other non-exempt employees not being compensated for all hours actually worked. Plaintiff and other non-exempt employees regularly worked more than eight hours in a workday or 40 hours in a workweek. Upon information and belief, during the relevant time period, Defendants failed to properly calculate and compensate overtime hours worked based on their definition of the workday and workweek. Upon information and belief, Defendants required Plaintiff and other non-exempt employees to perform work before their scheduled shifts, after their scheduled shifts, and/or during off-the-clock meal breaks, including waiting outside the facility to be let in the building by a Defendant SLS representative, and failed to compensate employees for this time. As a result, Plaintiff and other non-exempt employees were not compensated for all earned minimum and overtime wages.

12.    Defendants failed to provide Plaintiff and other non-exempt employees with all legally compliant meal periods due to Defendants' meal period policies/practices, which have frequently resulted in late (commencing after the fifth hour of work), short (less than 30 minutes), and/or missed meal periods. Upon information and belief, Plaintiff and other non-exempt employees were not able to take their legally compliant meal breaks due to work demands imposed by Defendants. Upon information and belief, Defendants do not keep accurate records of Plaintiff's and other non-exempt employees' hours worked, including accurate time records showing when employees take their meal periods. On those occasions when Plaintiff and other non-exempt employees were not provided with all legally compliant meal periods to which they were entitled, Defendants failed to compensate Plaintiff and other non-exempt employees with the required meal period premium(s) for each workday there was a meal period violation as mandated by Labor Code

- 4 -
CLASS ACTION COMPLAINT

§ 226.7.

13. Plaintiff and other non-exempt employees were not authorized and permitted to take all required rest periods due to Defendants' unlawful rest period policies/practices, which failed to authorize and permit a net 10-minute rest period for every four hours worked, or major fraction thereof. Plaintiff and other non-exempt employees were not able to take their legally compliant rest breaks due to work demands imposed by Defendants. On those occasions when Plaintiff and other non-exempt employees were not authorized and permitted to take all legally compliant rest periods to which they were entitled, Defendants failed to compensate them with the required rest period premium(s) for each workday there was a rest period violation as mandated by Labor Code § 226.7. Upon information and belief, Defendants maintained no mechanism for the payment of rest period premium payments as required by Labor Code § 226.7, in the event that a legally compliant rest period was not authorized and permitted to their non-exempt employees.

14. As a result of Defendants' failure to pay all minimum and overtime wages, failure to pay all meal and rest period premium wages, and unlawful timekeeping and payroll practices as alleged above, Defendants maintained inaccurate payroll records and issued inaccurate wage statements to Plaintiff and other non-exempt employees. As a further result of Defendants' failure to pay all minimum and overtime wages, and meal and rest period premium wages, Defendants failed to timely pay all final wages to other former non-exempt employees upon their separation of employment from Defendants.

15. Labor Code § 1198 provides: "The employment of any employee ... under conditions of labor prohibited by the [Industrial Wage Orders] is unlawful." Section 15 of the Wage Order provides: "(A) The temperature maintained in each work area shall provide reasonable comfort consistent with industry-wide standards for the nature of the process and the work performed. (B) If excessive heat or humidity is created by the work process, the employer shall take all feasible means to reduce such excessive heat or humidity to a degree providing reasonable comfort. Where the nature of the employment requires a temperature of less than 60° F, a heated room shall be provided to which employees may retire for warmth, and such room shall be maintained at not less than 68° F. (C) A temperature of not less than 68° F shall be maintained in the toilet rooms, resting

1    rooms, and change rooms during hours of use. (D) Federal and State energy guidelines shall prevail

2    over any conflicting provision of this section." California law requires an employer to endeavor to

3    provide a safe and healthy workplace. (Cal. Code Regs., tit. 8, §3203.) Labor Code § 6720 required

4    the California Division of Occupational Safety and Health ("Cal/OSHA") to propose an indoor heat

5    illness standard by January 1, 2019. Cal/OSHA has implemented standards for indoor heat illness

6    that applies to an indoor work area where the temperature or heat index equals or exceeds 87° F

7    when employees are present. (Cal. Code Regs., tit. 8, § 3396.) During the relevant time period,

8    Defendants failed to provide Plaintiff and other aggrieved employees with reasonable comfort by

9    maintaining the indoor temperature within the range of industry standards by, inter alia, complying

10   with Cal. Code Regs., tit. 8, § 3396 and failed to maintain a temperature of not less than 68° F in

11   rest rooms and breakrooms for Plaintiff and other aggrieved employees.

12                                    **CLASS ACTION ALLEGATIONS**

13           16.    **Class Definitions**: Plaintiff brings this action on behalf of himself and the following

14   Classes pursuant to § 382 of the California Code of Civil Procedure:

15           a.    <u>Direct Hire Class</u>: All current and former non-exempt employees directly hired and

16                 employed by Defendant SLS in the State of California from July 21, 2024 through

17                 the present.

18           b.    <u>Staffing Agency Class</u>: All current and former non-exempt employees placed to

19                 work for Defendant SLS by staffing agencies, including but not limited to,

20                 Defendant KSG, in the State of California during the four years immediately

21                 preceding the filing of this action through the present.

22           17.    **Numerosity/Ascertainability**: The members of the Classes are so numerous that

23   joinder of all members would be impractical, if not impossible. The membership of the Classes is

24   unknown to Plaintiff at this time; however, it is estimated that the members of the Classes number

25   greater than 50 individuals. The identity of such membership is readily ascertainable via inspection

26   of Defendants' employment records, including payroll records.

27           18.    **Common Questions of Law and Fact Predominate/Well-Defined Community of**

28   **Interest**: There are predominant common questions of law and fact as to Plaintiff and members of

the Classes, which predominate over questions affecting only individual members including, without limitation to:

    a.    Whether Defendants properly paid all overtime wages to members of the Direct Hire and Staffing Agency Classes;

    b.    Whether Defendants paid at least the minimum wage for all hours worked to members of the Direct Hire and Staffing Agency Classes;

    c.    Whether Defendants provided all legally compliant meal periods or paid meal period premium wages due to members of the Direct Hire and Staffing Agency Classes pursuant to Labor Code §§ 226.7 and 512;

    d.    Whether Defendants authorized and permitted all legally compliant rest periods or paid all rest period premium wages due to members of the Direct Hire and Staffing Agency Classes pursuant to Labor Code §§ 226.7 and 516;

    e.    Whether Defendants furnished legally compliant wage statements to members of the Direct Hire and Staffing Agency Classes pursuant to Labor Code § 226; and

    f.    Whether Defendants timely paid all final wages to members of the Direct Hire and Staffing Agency Classes at the time of their separation of employment pursuant to Labor Code §§ 201 and 202.

These common questions of law and fact set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member. As such, the common questions predominate over individual questions concerning each individual class member's showing as to their eligibility for recovery or as to the amount of their damages.

19.    **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitations period applicable to each cause of action pled in the Complaint. As alleged herein, Plaintiff, like the members of the Classes, was not paid all minimum and overtime wages owed due to Defendants' timekeeping and payroll policies/practices, not provided all required meal periods, not authorized and permitted all rest periods, did not receive premium pay for non-compliant meal and rest periods, and not provided with accurate, compliant, itemized wage statements.

20.    **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have litigated numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

21.    **Superiority**: The Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.

22.    Moreover, requiring each member of the Class(es) to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. The claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending hereto.

23.    Furthermore, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or

1    impede the ability of the class members to protect their interests. As such, the Classes identified

2    hereinabove are maintainable as classes under § 382 of the Code of Civil Procedure.

3                          **FIRST CAUSE OF ACTION**

4                          **MINIMUM WAGE VIOLATIONS**

5                          **(Against All Defendants)**

6        24.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

7    fully set forth herein.

8        25.    Labor Code §§ 1182.12, 1197, and Wage Order 7, § 4 establish the right of

9    employees to be paid minimum wages for all hours worked, in amounts set by state or local law.

10   Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal

11   minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with

12   attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid

13   wages and interest accrued thereon. At all relevant times herein, Defendants failed to conform its

14   pay practices to the requirements of the law by failing to pay Plaintiff and members of the Direct

15   Hire and Staffing Agency Classes for all hours worked, including, but not limited to, all hours they

16   were subject to the control of Defendants and/or suffered or permitted to work under the Labor

17   Code and Wage Order 7.

18       26.    Labor Code § 1198 makes unlawful the employment of an employee under

19   conditions that the IWC prohibits. California Labor Code § 1194(a) and 1194.2(a) provide that an

20   employer who has failed to pay its employees the legal minimum wage is liable to pay those

21   employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount

22   equal to the wages due and interest thereon.

23       27.    As a consequence of Defendants' non-payment of minimum wages, Plaintiff and

24   members of the Direct Hire and Staffing Agency Classes seek recovery of the balance of unpaid

25   wages, including interest thereon, statutory penalties, attorneys' fees, and costs of suit according to

26   Labor Code §§ 218.6, 558, 1194, 1194.2, and 1199, Code of Civil Procedure § 1021.5; and Civil

27   Code §§ 3287 and 3289.

28   / / /

**SECOND CAUSE OF ACTION**

**OVERTIME WAGE VIOLATIONS**

**(Against All Defendants)**

28.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

29.     This cause of action is brought pursuant to Labor Code §§ 204, 510, 1194, 1198, and Wage Order 7, § 3, which provide that non-exempt employees are entitled to all overtime wages and compensation for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

30.     At all times relevant herein, Defendants were required to properly compensate non-exempt employees, including Plaintiff and members of the Direct Hire and Staffing Agency Classes, for all overtime hours worked pursuant to Labor Code § 1194 and Wage Order 7. Wage Order 7, § 3 requires an employer to pay an employee one and one-half (1½) times and two times the employee's regular rate of pay for overtime and double time hours work. Defendants caused Plaintiff and members of the Direct Hire and Staffing Agency Classes to work overtime hours but failed to compensate these employees for all overtime hours actually worked.

31.     As a consequence of Defendants' non-payment of overtime wages, Plaintiff and members of the Direct Hire and Staffing Agency Classes seek recovery of the balance of unpaid overtime wages, including interest thereon, statutory penalties, attorneys' fees, and costs of suit according to Labor Code §§ 204, 210, 216, 218.6, 510, 1194, and 1198; Code of Civil Procedure § 1021.5; and Civil Code §§ 3287 and 3289.

**THIRD CAUSE OF ACTION**

**MEAL PERIOD VIOLATIONS**

**(Against All Defendants)**

32.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

33.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to provide all of their non-exempt employees in California, including

CLASS ACTION COMPLAINT

1 | Plaintiff and members of the Direct Hire and Staffing Agency Classes, with all legally compliant

2 | meal periods in accordance with the mandates of the Labor Code and Wage Order 7, § 11.

3 |     34.    Despite Defendants' violations, Defendants did not pay an additional hour of pay to

4 | Plaintiff and members of the Direct Hire and Staffing Agency Classes at their respective regular

5 | rates of compensation, in accordance with California Labor Code §§ 204, 210, 226.7, and 512.

6 |     35.    As a consequence of Defendants' unlawful meal period practices, Plaintiff and

7 | members of the Direct Hire and Staffing Agency Classes seek recovery of unpaid premium wages

8 | for meal period violations including interest thereon, statutory penalties, and costs of suit, pursuant

9 | to Labor Code §§ 226.7, 512, 558, Wage Order 7, and Civil Code §§ 3287 and 3289.

10 | **FOURTH CAUSE OF ACTION**

11 | **REST PERIOD VIOLATIONS**

12 | **(Against All Defendants)**

13 |     36.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

14 | fully set forth herein.

15 |     37.    Labor Code §§ 226.7, 516, 558, and Wage Order 7, § 12 and establish the right of

16 | employees to be provided with a rest period of at least 10 minutes for each four-hour period

17 | worked, or major fraction thereof. Plaintiff is informed and believes, and based thereon alleges, that

18 | despite Defendants' failure to authorize and permit Plaintiff and members of the Direct Hire and

19 | Staffing Agency Classes to take all legally compliant rest periods as alleged herein, Defendants did

20 | not pay these individuals an additional hour of pay at their respective regular rate for the rest

21 | periods that they failed to authorize and permit them to take, as required by Labor Code § 226.7.

22 |     38.    As a consequence of Defendants' unlawful rest period practices, Plaintiff and

23 | members of the Direct Hire and Staffing Agency Classes seek recovery of unpaid premium wages

24 | for rest period violations including interest thereon, statutory penalties, and costs of suit, statutory

25 | penalties, attorneys' fees, and costs of suit according to Labor Code §§ 226.7, 516, 558, Wage

26 | Order 7, and Civil Code §§ 3287 and 3289.

27 | / / /

28 | / / /

**FIFTH CAUSE OF ACTION**

**WAGE STATEMENT PENALTIES**

**(Against All Defendants)**

39.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

40.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiff and members of the Direct Hire and Staffing Agency Classes with accurate and complete, itemized wage statements that included, among other requirements, all hours worked, total gross wages earned, all rates of pay and corresponding number of hours worked, total net wages earned, the inclusive dates of the pay period, and/or the correct name and address of the legal entity that is the employer in violation of Labor Code § 226.

41.    Defendants' failure to furnish Plaintiff and members of the Direct Hire and Staffing Agency Classes with accurate and complete, itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of minimum and overtime wages and meal and rest period premium wages owed and deprived them of the information necessary to identify the discrepancies in Defendants' reported payroll data.

42.    As a consequence of Defendants' unlawful wage statement practices, Plaintiff and members of the Direct Hire and Staffing Agency Classes seek damages and/or statutory penalties, reasonable attorneys' fees, and costs of suit according to California Labor Code § 226.

**SIXTH CAUSE OF ACTION**

**WAITING TIME PENALTIES**

**(Against All Defendants)**

43.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

44.    This cause of action is brought pursuant to Labor Code §§ 201-203, which require an employer to pay all wages immediately at the time of separation of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of their

- 12 -

CLASS ACTION COMPLAINT

1  intent to quit. In the event the employee provides less than 72 hours of notice of their intent to quit,

2  said employee's wages become due and payable not later than 72 hours upon said employee's last

3  date of employment.

4      45.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed

5  to timely pay members of the Direct Hire and Staffing Agency Classes all final wages due to them

6  at their separation from employment, including unpaid minimum and overtime wages as well as

7  unpaid meal and rest period premium wages.

8      46.    Furthermore, Plaintiff is informed and believes, and based thereon alleges, that as a

9  matter of uniform policy and practice, Defendants continue to fail to pay members of the Direct

10  Hire and Staffing Agency Classes all earned wages at the end of employment in a timely manner

11  pursuant to the requirements of Labor Code §§ 201-202.

12      47.    Defendants' failure to pay all final wages was willful within the meaning of Labor

13  Code § 203. Defendants' willful failure to timely pay members of the Direct Hire and Staffing

14  Agency Classes their earned wages upon separation from employment results in continued payment

15  of daily wages up to thirty days from the time the wages were due.

16      48.    As a consequence of Defendants' unlawful practices, members of the Direct Hire and

17  Staffing Agency Classes seek statutory penalties, and costs of suit according to California Labor

18  Code § 203.

19              **SEVENTH CAUSE OF ACTION**

20              **UNFAIR COMPETITION**

21              **(Against All Defendants)**

22      49.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

23  fully set forth herein.

24      50.    Defendants have engaged and continue to engage in unfair and/or unlawful business

25  practices in California in violation of Business and Professions Code § 17200, *et seq.*, by:

26      a.    failing to pay Plaintiff and members of the Direct Hire and Staffing Agency Classes

27              all minimum wages due;

28  / / /

- 13 -

CLASS ACTION COMPLAINT

b.      failing to pay Plaintiff and members of the Direct Hire and Staffing Agency Classes all overtime wages due;

c.      failing to provide Plaintiff and members of the Direct Hire and Staffing Agency Classes with all meal periods to which they are entitled, and failing to pay them all meal period premium wages due;

d.      failing to authorize and permit Plaintiff and members of the Direct Hire and Staffing Agency Classes all rest periods to which they are entitled, and failing to pay them all rest period premium wages due;

e.      failing to issue accurate and itemized wage statements to Plaintiff and members of the Direct Hire and Staffing Agency Classes; and

f.      failing to timely pay all final wages to Plaintiff and members of the Direct Hire and Staffing Agency Classes.

51.     Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

52.     Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for himself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

53.     The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, as follows:

1.      For an order certifying the proposed Classes;

2.      For an order appointing Plaintiff as representative of the Classes;

- 14 -
CLASS ACTION COMPLAINT

1       3.     For an order appointing Counsel for Plaintiff as Counsel for the Classes;

2       4.     Upon the First Cause of Action, for payment of minimum wages, liquidated

3 damages, and penalties according to proof pursuant to Labor Code §§ 1182.12, 1194, 1194.2, and

4 1197;

5       5.     Upon the Second Cause of Action, for payment of overtime wages and penalties

6 according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

7       6.     Upon the Third Cause of Action, for meal period premium wages according to proof

8 pursuant to Labor Code §§ 226.7, 512, and 558;

9       7.     Upon the Fourth Cause of Action, for rest period premium wages according to proof

10 pursuant to Labor Code §§ 226.7, 516, and 558;

11      8.     Upon the Fifth Cause of Action, for statutory penalties pursuant to Labor Code §

12 226;

13      9.     Upon the Sixth Cause of Action, for statutory penalties pursuant to Labor Code §

14 203;

15    10.    Upon the Seventh Cause of Action, for restitution to Plaintiff and members of the

16 Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or

17 practices declared by this Court to be in violation of Business and Professions Code §§ 17200, *et*

18 *seq.*;

19    11.    Prejudgment interest on all due and unpaid wages pursuant to Labor Code § 218.6

20 and Civil Code §§ 3287 and 3289;

21    12.    On all causes of action, for attorneys' fees and costs as provided by Labor Code §§

22 218.5, 226, 1194, 2699(g), and Code of Civil Procedure § 1021.5; and

23    13.    For such other and further relief, the Court may deem just and proper.

24                         **DEMAND FOR JURY TRIAL**

25     Plaintiff hereby demands a trial by jury on all claims.

26 / / /

27 / / /

28 / / /

- 15 -

CLASS ACTION COMPLAINT

1    DATED: April 15, 2025                **JUSTICE FOR WORKERS, P.C.**

2

3                                        By: _____

4                                             William C. Sung
                                             Tiffany L. Luu
5                                             Joseph C. Ramli
                                             Attorneys for Plaintiff NATHAN WILLIAMS
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 16 -
CLASS ACTION COMPLAINT

# Exhibit E



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| **complex-class Action** Williams -v- States Logistics Services, Inc Et Al | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE** | Case Number<br><br>CIVSB2510823 |

Justice For Workers
9575 Bolsa Avenue
Westminster Ca  92683

Please take notice that the above-entitled case has been set for a Case Management Conference.  You must appear at this hearing or your case may be dismissed and monetary penalties may be imposed.

Appearance Date:  : 10/27/2025 at 8:30 a.m. in Department Department S23 - SBJC

This case has been assigned to Judge Donald Alvarez in Department Department S23 - SBJC for all purposes.

Your Joint Statement must be filed, directly in the Complex Litigation Department, 5 calendar days prior to the hearing.

To the party served:  The setting of this date **does not** increase the time you have to respond to the petition.  The time for response is clearly stated on the Summons.

Please see the Guidelines for the Complex Litigation Program for further information.  The guidelines may be found at the Court website:  http://www.sb-court.org

**A copy of this notice must be served on the respondent.**

Date:  4/29/2025                                        Anabel Z. Romero
                                          By:   Gabriel Mendoza_____
                                                Deputy Clerk

-------------------------------------------------------------------------
-------------------------------------------------------------------------

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above listed notice by:

☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file stamped documents.

Date of Mailing:  4/29/2025

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 4/29/2025 at San Bernardino.

                                          By:   Gabriel Mendoza_____

Exh. E - 031

# Exhibit F

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
4/29/2025
By: Gabriel Mendoza, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

STATES LOGISTICS SERVICES, INC., a California corporation; KELLY SERVICES GLOBAL, LLC, a Michigan limited liability company; and DOES 1 through 50,
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NATHAN WILLIAMS, an individual and on behalf of all others similarly situated;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino Justice Center

247 W 3rd St, San Bernardino, CA 92415

CASE NUMBER:
*(Número del Caso):*
CIVSB2510823

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William C. Sung, Justice for Workers P.C, 9575 Bolsa Ave., Westminster CA 92683, 323-922-2000

DATE:
*(Fecha)* 4/29/2025

Clerk, by
*(Secretario)* /s/ Gabriel Mendoza , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form    Save this form    Clear this form

Exh. F - 033

# Exhibit G

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
6/18/2025 4:14 PM
By: Sylvia Guajardo, DEPUTY

1  **JUSTICE FOR WORKERS, P.C.**
   William C. Sung, SB# 280792
2    E-Mail: william@justiceforworkers.com
   Tiffany L. Luu, SB# 335127
3    E-Mail: tluu@justiceforworkers.com
   Joseph C. Ramli, SB# 339491
4    E-Mail: jramli@justiceforworkers.com
   9575 Bolsa Avenue
5  Westminster, CA 92683
   Tel: 323-922-2000
6  Fax: 323-922-2000

7  Attorneys for Plaintiff NATHAN WILLIAMS

8

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10             **FOR THE COUNTY OF SAN BERNARDINO**

11

12 | NATHAN WILLIAMS, an individual and on behalf of all others similarly situated; | Case No.: CIVSB2510823 |

13          Plaintiff,

14          vs.

15 STATES LOGISTICS SERVICES, INC., a
16 California corporation; KELLY SERVICES
   GLOBAL, LLC, a Michigan limited liability
17 company; and DOES 1 through 50,

18          Defendants.

| | |
|---|---|
| | Case No.: CIVSB2510823 |
| | **FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT:** |
| | **(1) MINIMUM WAGE VIOLATIONS (LABOR CODE §§ 1182.12, 1194, 1194.2, 1197);** |
| | **(2) OVERTIME WAGE VIOLATIONS (LABOR CODE §§ 204, 510, 1194, 1198);** |
| | **(3) MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, 558);** |
| | **(4) REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516, 558);** |
| | **(5) WAGE STATEMENT PENALTIES (LABOR CODE § 226);** |
| | **(6) WAITING TIME PENALTIES (LABOR CODE §§ 201-203);** |
| | **(7) UNFAIR COMPETITION (BUS & PROF CODE §§ 17200, *et seq.*); and** |
| | **(8) CIVIL PENALTIES UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT (LABOR CODE §§ 2698, *et seq.*)** |
| | **DEMAND FOR JURY TRIAL** |

- 1 -

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1    Plaintiff NATHAN WILLIAMS ("Plaintiff"), on behalf of himself and all others similarly

2    situated, hereby brings this First Amended Class and Representative Action Complaint

3    ("Complaint") against STATES LOGISTICS SERVICES, INC. ("Defendant SLS"), a California

4    corporation; KELLY SERVICES GLOBAL, LLC ("Defendant KSG"), a Michigan limited liability

5    company; and DOES 1 to 50 (collectively "Defendants"), and on information and belief alleges as

6    follows:

7                          **JURISDICTION AND VENUE**

8        1.    Plaintiff, on behalf of himself and all others similarly situated, hereby brings this

9    Complaint for recovery of unpaid wages and penalties under California Business and Professions

10   Code § 17200, *et seq.*, Labor Code §§ 201-204, 226, 226.7, 510, 512, 516, 558, 1182.12, 1194,

11   1194.2, 1197, 1198, 2698, *et seq.*, and Industrial Welfare Commission ("IWC") Wage Order 7-2001

12   ("Wage Order 7"), in addition to seeking injunctive relief, declaratory relief, and restitution. This

13   Complaint is brought pursuant to California Code of Civil Procedure § 382. This Court has

14   jurisdiction over Defendants' violations of the Labor Code because the amount in controversy

15   exceeds $25,000.

16       2.    Venue is proper in this judicial district because Defendants maintain offices, have

17   agents, and/or transact business in the State of California, including San Bernardino County, and

18   some of the acts and omissions complained of herein occurred in San Bernardino County.

19   Furthermore, Plaintiff was employed by Defendants within San Bernardino County.

20                                **PARTIES**

21       3.    Plaintiff is, and at all times relevant herein was, an individual over the age of

22   eighteen (18) and is a California resident. Within the statute of limitations periods applicable to

23   each cause of action pled herein, Plaintiff was employed by Defendants as a non-exempt employee.

24   Plaintiff was, and is, a victim of Defendants' policies, practices, and/or customs complained of

25   herein and has been deprived of the rights guaranteed by Business and Professions Code § 17200, *et*

26   *seq.*, Labor Code §§ 201-204, 226, 226.7, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198,

27   2698, *et seq.*, and Wage Order 7.

28   / / /

- 2 -
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

4.      Plaintiff is informed and believes, and based thereon alleges, that during the applicable statute of limitations for each cause of action pled herein and continuing to the present, Defendants engaged in, and continue to engage in, business, and employed Plaintiff and other, similarly-situated non-exempt employees within San Bernardino County, and the State of California and, therefore, were (and are) doing business in San Bernardino County and the State of California.

5.      Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 to 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed and believes, and based thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, was responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes (as defined below) to be subject to the unlawful employment practices, wrongs, injuries, and damages complained of herein.

6.      At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendant; and furthermore, Defendants, and each of them, were the agents, servants, and employees of each of the other defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

7.      Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

8.      At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership, and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership, and common enterprise.

/ / /

9. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

## FACTUAL ALLEGATIONS

10. Defendant SLS owns and operates a distribution warehouses in California, including Fontana, California. Defendant KSG is a staffing agency. Defendant KSG employed Plaintiff and placed Plaintiff to work with Defendant SLS, and Defendant SLS employed Plaintiff through the agency, from approximately February 3 to March 6, 2025 as an hourly paid, non-exempt employee in Fontana, California.

11. Throughout Plaintiff's employment with Defendants, Defendants' timekeeping and/or payroll policies and practices resulted in Plaintiff and other non-exempt employees not being compensated for all hours actually worked. Plaintiff and other non-exempt employees regularly worked more than eight hours in a workday or 40 hours in a workweek. Upon information and belief, during the relevant time period, Defendants failed to properly calculate and compensate overtime hours worked based on their definition of the workday and workweek. Upon information and belief, Defendants required Plaintiff and other non-exempt employees to perform work before their scheduled shifts, after their scheduled shifts, and/or during off-the-clock meal breaks, including waiting outside the facility to be let in the building by a Defendant SLS representative, and failed to compensate employees for this time. As a result, Plaintiff and other non-exempt employees were not compensated for all earned minimum and overtime wages.

12. Defendants failed to provide Plaintiff and other non-exempt employees with all legally compliant meal periods due to Defendants' meal period policies/practices, which have frequently resulted in late (commencing after the fifth hour of work), short (less than 30 minutes), and/or missed meal periods. Upon information and belief, Plaintiff and other non-exempt employees were not able to take their legally compliant meal breaks due to work demands imposed by Defendants. Upon information and belief, Defendants do not keep accurate records of Plaintiff's and other non-exempt employees' hours worked, including accurate time records showing when employees take their meal periods. On those occasions when Plaintiff and other non-exempt

Exh. G - 038

1  employees were not provided with all legally compliant meal periods to which they were entitled,
2  Defendants failed to compensate Plaintiff and other non-exempt employees with the required meal
3  period premium(s) for each workday there was a meal period violation as mandated by Labor Code
4  § 226.7.

5      13.    Plaintiff and other non-exempt employees were not authorized and permitted to take
6  all required rest periods due to Defendants' unlawful rest period policies/practices, which failed to
7  authorize and permit a net 10-minute rest period for every four hours worked, or major fraction
8  thereof. Plaintiff and other non-exempt employees were not able to take their legally compliant rest
9  breaks due to work demands imposed by Defendants. On those occasions when Plaintiff and other
10 non-exempt employees were not authorized and permitted to take all legally compliant rest periods
11 to which they were entitled, Defendants failed to compensate them with the required rest period
12 premium(s) for each workday there was a rest period violation as mandated by Labor Code § 226.7.
13 Upon information and belief, Defendants maintained no mechanism for the payment of rest period
14 premium payments as required by Labor Code § 226.7, in the event that a legally compliant rest
15 period was not authorized and permitted to their non-exempt employees.

16     14.    As a result of Defendants' failure to pay all minimum and overtime wages, failure to
17 pay all meal and rest period premium wages, and unlawful timekeeping and payroll practices as
18 alleged above, Defendants maintained inaccurate payroll records and issued inaccurate wage
19 statements to Plaintiff and other non-exempt employees. As a further result of Defendants' failure to
20 pay all minimum and overtime wages, nd meal and rest period premium wages, Defendants failed to
21 timely pay all final wages to other former non-exempt employees upon their separation of
22 employment from Defendants.

23     15.    Labor Code § 1198 provides: "The employment of any employee ... under conditions
24 of labor prohibited by the [Industrial Wage Orders] is unlawful." Section 15 of the Wage Order
25 provides: "(A) The temperature maintained in each work area shall provide reasonable comfort
26 consistent with industry-wide standards for the nature of the process and the work performed. (B) If
27 excessive heat or humidity is created by the work process, the employer shall take all feasible
28 means to reduce such excessive heat or humidity to a degree providing reasonable comfort. Where

the nature of the employment requires a temperature of less than 60° F, a heated room shall be

provided to which employees may retire for warmth, and such room shall be maintained at not less

than 68° F. (C) A temperature of not less than 68° F shall be maintained in the toilet rooms, resting

rooms, and change rooms during hours of use. (D) Federal and State energy guidelines shall prevail

over any conflicting provision of this section." California law requires an employer to endeavor to

provide a safe and healthy workplace. (Cal. Code Regs., tit. 8, §3203.) Labor Code § 6720 required

the California Division of Occupational Safety and Health ("Cal/OSHA") to propose an indoor heat

illness standard by January 1, 2019. Cal/OSHA has implemented standards for indoor heat illness

that applies to an indoor work area where the temperature or heat index equals or exceeds 87° F

when employees are present. (Cal. Code Regs., tit. 8, § 3396.) During the relevant time period,

Defendants failed to provide Plaintiff and other aggrieved employees with reasonable comfort by

maintaining the indoor temperature within the range of industry standards by, inter alia, complying

with Cal. Code Regs., tit. 8, § 3396 and failed to maintain a temperature of not less than 68° F in

rest rooms and breakrooms for Plaintiff and other aggrieved employees.

## CLASS ACTION ALLEGATIONS

16.    **Class Definitions**: Plaintiff brings this action on behalf of himself and the following

Classes pursuant to § 382 of the California Code of Civil Procedure:

    a.    <u>Direct Hire Class</u>: All current and former non-exempt employees directly hired and
        employed by Defendant SLS in the State of California from July 21, 2024 through
        the present.

    b.    <u>Staffing Agency Class</u>: All current and former non-exempt employees placed to
        work for Defendant SLS by staffing agencies, including but not limited to,
        Defendant KSG, in the State of California during the four years immediately
        preceding the filing of this action through the present.

17.    **Numerosity/Ascertainability**: The members of the Classes are so numerous that

joinder of all members would be impractical, if not impossible. The membership of the Classes is

unknown to Plaintiff at this time; however, it is estimated that the members of the Classes number

greater than 50 individuals. The identity of such membership is readily ascertainable via inspection

1    of Defendants' employment records, including payroll records.

2        18.    **Common Questions of Law and Fact Predominate/Well-Defined Community of**

3    **Interest**: There are predominant common questions of law and fact as to Plaintiff and members of

4    the Classes, which predominate over questions affecting only individual members including,

5    without limitation to:

6        a.    Whether Defendants properly paid all overtime wages to members of the Direct Hire

7            and Staffing Agency Classes;

8        b.    Whether Defendants paid at least the minimum wage for all hours worked to

9            members of the Direct Hire and Staffing Agency Classes;

10       c.    Whether Defendants provided all legally compliant meal periods or paid meal period

11            premium wages due to members of the Direct Hire and Staffing Agency Classes

12            pursuant to Labor Code §§ 226.7 and 512;

13       d.    Whether Defendants authorized and permitted all legally compliant rest periods or

14            paid all rest period premium wages due to members of the Direct Hire and Staffing

15            Agency Classes pursuant to Labor Code §§ 226.7 and 516;

16       e.    Whether Defendants furnished legally compliant wage statements to members of the

17            Direct Hire and Staffing Agency Classes pursuant to Labor Code § 226; and

18       f.    Whether Defendants timely paid all final wages to members of the Direct Hire and

19            Staffing Agency Classes at the time of their separation of employment pursuant to

20            Labor Code §§ 201 and 202.

21       These common questions of law and fact set forth above are numerous and substantial and

22   stem from Defendants' policies and/or practices applicable to each individual class member. As

23   such, the common questions predominate over individual questions concerning each individual

24   class member's showing as to their eligibility for recovery or as to the amount of their damages.

25       19.    **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because

26   Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s)

27   of limitations period applicable to each cause of action pled in the Complaint. As alleged herein,

28   Plaintiff, like the members of the Classes, was not paid all minimum and overtime wages owed due

1  to Defendants' timekeeping and payroll policies/practices, not provided all required meal periods,

2  not authorized and permitted all rest periods, did not receive premium pay for non-compliant meal

3  and rest periods, and not provided with accurate, compliant, itemized wage statements.

4      20.    **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps

5  to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's

6  attorneys are ready, willing and able to fully and adequately represent the members of the Classes

7  and Plaintiff. Plaintiff's attorneys have litigated numerous wage-and-hour class actions in state and

8  federal courts in the past and are committed to vigorously prosecuting this action on behalf of the

9  members of the Classes.

10     21.    **Superiority**: The Labor Code is broadly remedial in nature and serves an important

11  public interest in establishing minimum working conditions and standards in California. These laws

12  and labor standards protect the average working employee from exploitation by employers who

13  have the responsibility to follow the laws and who may seek to take advantage of superior economic

14  and bargaining power in setting onerous terms and conditions of employment. The nature of this

15  action and the format of laws available to Plaintiff and members of the Classes make the class

16  action format a particularly efficient and appropriate procedure to redress the violations alleged

17  herein. If each employee were required to file an individual lawsuit, Defendants would necessarily

18  gain an unconscionable advantage since they would be able to exploit and overwhelm the limited

19  resources of each individual plaintiff with their vastly superior financial and legal resources.

20     22.    Moreover, requiring each member of the Class(es) to pursue an individual remedy

21  would also discourage the assertion of lawful claims by employees who would be disinclined to file

22  an action against their former and/or current employer for real and justifiable fear of retaliation and

23  permanent damages to their careers at subsequent employment. The claims of the individual

24  members of the Class are not sufficiently large to warrant vigorous individual prosecution

25  considering all of the concomitant costs and expenses attending hereto.

26     23.    Furthermore, the prosecution of separate actions by the individual class members,

27  even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications

28  with respect to the individual class members against Defendants herein; and which would establish

1   potentially incompatible standards of conduct for Defendants; and/or legal determinations with

2   respect to individual class members which would, as a practical matter, be dispositive of the interest

3   of the other class members not parties to adjudications or which would substantially impair or

4   impede the ability of the class members to protect their interests. As such, the Classes identified

5   hereinabove are maintainable as classes under § 382 of the Code of Civil Procedure.

6                                   **FIRST CAUSE OF ACTION**

7                                   **MINIMUM WAGE VIOLATIONS**

8                                   **(Against All Defendants)**

9          24.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

10   fully set forth herein.

11          25.     Labor Code §§ 1182.12, 1197, and Wage Order 7, § 4 establish the right of

12   employees to be paid minimum wages for all hours worked, in amounts set by state or local law.

13   Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal

14   minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with

15   attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid

16   wages and interest accrued thereon. At all relevant times herein, Defendants failed to conform its

17   pay practices to the requirements of the law by failing to pay Plaintiff and members of the Direct

18   Hire and Staffing Agency Classes for all hours worked, including, but not limited to, all hours they

19   were subject to the control of Defendants and/or suffered or permitted to work under the Labor

20   Code and Wage Order 7.

21          26.     Labor Code § 1198 makes unlawful the employment of an employee under

22   conditions that the IWC prohibits. California Labor Code § 1194(a) and 1194.2(a) provide that an

23   employer who has failed to pay its employees the legal minimum wage is liable to pay those

24   employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount

25   equal to the wages due and interest thereon.

26          27.     As a consequence of Defendants' non-payment of minimum wages, Plaintiff and

27   members of the Direct Hire and Staffing Agency Classes seek recovery of the balance of unpaid

28   wages, including interest thereon, statutory penalties, attorneys' fees, and costs of suit according to

1  Labor Code §§ 218.6, 558, 1194, 1194.2, and 1199, Code of Civil Procedure § 1021.5; and Civil

2  Code §§ 3287 and 3289.

3  ## SECOND CAUSE OF ACTION

4  ### OVERTIME WAGE VIOLATIONS

5  **(Against All Defendants)**

6          28.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

7  fully set forth herein.

8          29.    This cause of action is brought pursuant to Labor Code §§ 204, 510, 1194, 1198, and

9  Wage Order 7, § 3, which provide that non-exempt employees are entitled to all overtime wages

10  and compensation for all overtime hours worked and provide a private right of action for the failure

11  to pay all overtime compensation for overtime work performed.

12          30.    At all times relevant herein, Defendants were required to properly compensate non-

13  exempt employees, including Plaintiff and members of the Direct Hire and Staffing Agency

14  Classes, for all overtime hours worked pursuant to Labor Code § 1194 and Wage Order 7. Wage

15  Order 7, § 3 requires an employer to pay an employee one and one-half (1½) times and two times

16  the employee's regular rate of pay for overtime and double time hours work. Defendants caused

17  Plaintiff and members of the Direct Hire and Staffing Agency Classes to work overtime hours but

18  failed to compensate these employees for all overtime hours actually worked.

19          31.    As a consequence of Defendants' non-payment of overtime wages, Plaintiff and

20  members of the Direct Hire and Staffing Agency Classes seek recovery of the balance of unpaid

21  overtime wages, including interest thereon, statutory penalties, attorneys' fees, and costs of suit

22  according to Labor Code §§ 204, 210, 216, 218.6, 510, 1194, and 1198; Code of Civil Procedure §

23  1021.5; and Civil Code §§ 3287 and 3289.

24  ## THIRD CAUSE OF ACTION

25  ### MEAL PERIOD VIOLATIONS

26  **(Against All Defendants)**

27          32.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

28  fully set forth herein.

- 10 -

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to provide all of their non-exempt employees in California, including Plaintiff and members of the Direct Hire and Staffing Agency Classes, with all legally compliant meal periods in accordance with the mandates of the Labor Code and Wage Order 7, § 11.

34.    Despite Defendants' violations, Defendants did not pay an additional hour of pay to Plaintiff and members of the Direct Hire and Staffing Agency Classes at their respective regular rates of compensation, in accordance with California Labor Code §§ 204, 210, 226.7, and 512.

35.    As a consequence of Defendants' unlawful meal period practices, Plaintiff and members of the Direct Hire and Staffing Agency Classes seek recovery of unpaid premium wages for meal period violations including interest thereon, statutory penalties, and costs of suit, pursuant to Labor Code §§ 226.7, 512, 558, Wage Order 7, and Civil Code §§ 3287 and 3289.

## FOURTH CAUSE OF ACTION

### REST PERIOD VIOLATIONS

#### (Against All Defendants)

36.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

37.    Labor Code §§ 226.7, 516, 558, and Wage Order 7, § 12 and establish the right of employees to be provided with a rest period of at least 10 minutes for each four-hour period worked, or major fraction thereof. Plaintiff is informed and believes, and based thereon alleges, that despite Defendants' failure to authorize and permit Plaintiff and members of the Direct Hire and Staffing Agency Classes to take all legally compliant rest periods as alleged herein, Defendants did not pay these individuals an additional hour of pay at their respective regular rate for the rest periods that they failed to authorize and permit them to take, as required by Labor Code § 226.7.

38.    As a consequence of Defendants' unlawful rest period practices, Plaintiff and members of the Direct Hire and Staffing Agency Classes seek recovery of unpaid premium wages for rest period violations including interest thereon, statutory penalties, and costs of suit, statutory penalties, attorneys' fees, and costs of suit according to Labor Code §§ 226.7, 516, 558, Wage Order 7, and Civil Code §§ 3287 and 3289.

- 11 -
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

**FIFTH CAUSE OF ACTION**

**WAGE STATEMENT PENALTIES**

**(Against All Defendants)**

39.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

40.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiff and members of the Direct Hire and Staffing Agency Classes with accurate and complete, itemized wage statements that included, among other requirements, all hours worked, total gross wages earned, all rates of pay and corresponding number of hours worked, total net wages earned, the inclusive dates of the pay period, and/or the correct name and address of the legal entity that is the employer in violation of Labor Code § 226.

41.    Defendants' failure to furnish Plaintiff and members of the Direct Hire and Staffing Agency Classes with accurate and complete, itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of minimum and overtime wages and meal and rest period premium wages owed and deprived them of the information necessary to identify the discrepancies in Defendants' reported payroll data.

42.    As a consequence of Defendants' unlawful wage statement practices, Plaintiff and members of the Direct Hire and Staffing Agency Classes seek damages and/or statutory penalties, reasonable attorneys' fees, and costs of suit according to California Labor Code § 226.

**SIXTH CAUSE OF ACTION**

**WAITING TIME PENALTIES**

**(Against All Defendants)**

43.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

44.    This cause of action is brought pursuant to Labor Code §§ 201-203, which require an employer to pay all wages immediately at the time of separation of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of their

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1    intent to quit. In the event the employee provides less than 72 hours of notice of their intent to quit,

2    said employee's wages become due and payable not later than 72 hours upon said employee's last

3    date of employment.

4         45.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed

5    to timely pay members of the Direct Hire and Staffing Agency Classes all final wages due to them

6    at their separation from employment, including unpaid minimum and overtime wages as well as

7    unpaid meal and rest period premium wages.

8         46.    Furthermore, Plaintiff is informed and believes, and based thereon alleges, that as a

9    matter of uniform policy and practice, Defendants continue to fail to pay members of the Direct

10   Hire and Staffing Agency Classes all earned wages at the end of employment in a timely manner

11   pursuant to the requirements of Labor Code §§ 201-202.

12        47.    Defendants' failure to pay all final wages was willful within the meaning of Labor

13   Code § 203. Defendants' willful failure to timely pay members of the Direct Hire and Staffing

14   Agency Classes their earned wages upon separation from employment results in continued payment

15   of daily wages up to thirty days from the time the wages were due.

16        48.    As a consequence of Defendants' unlawful practices, members of the Direct Hire and

17   Staffing Agency Classes seek statutory penalties, and costs of suit according to California Labor

18   Code § 203.

19                          **SEVENTH CAUSE OF ACTION**

20                             **UNFAIR COMPETITION**

21                             **(Against All Defendants)**

22        49.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

23   fully set forth herein.

24        50.    Defendants have engaged and continue to engage in unfair and/or unlawful business

25   practices in California in violation of Business and Professions Code § 17200, *et seq.*, by:

26        a.     failing to pay Plaintiff and members of the Direct Hire and Staffing Agency Classes

27               all minimum wages due;

28        b.     failing to pay Plaintiff and members of the Direct Hire and Staffing Agency Classes

- 13 -

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1           all overtime wages due;

2     c.     failing to provide Plaintiff and members of the Direct Hire and Staffing Agency

3           Classes with all meal periods to which they are entitled, and failing to pay them all

4           meal period premium wages due;

5     d.     failing to authorize and permit Plaintiff and members of the Direct Hire and Staffing

6           Agency Classes all rest periods to which they are entitled, and failing to pay them all

7           rest period premium wages due;

8     e.     failing to issue accurate and itemized wage statements to Plaintiff and members of

9           the Direct Hire and Staffing Agency Classes; and

10     f.     failing to timely pay all final wages to Plaintiff and members of the Direct Hire and

11           Staffing Agency Classes.

12     51.     Defendants' utilization of these unfair and/or unlawful business practices deprived

13 Plaintiff and continues to deprive members of the Classes of compensation to which they are legally

14 entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over

15 Defendants' competitors who have been and/or are currently employing workers and attempting to

16 do so in honest compliance with applicable wage and hour laws.

17     52.     Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged

18 herein, Plaintiff for himself and on behalf of the members of the Classes, seeks full restitution of

19 monies, as necessary and according to proof, to restore any and all monies withheld, acquired

20 and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

21     53.     The acts complained of herein occurred within the last four years immediately

22 preceding the filing of the Complaint in this action.

23           **EIGHTH CAUSE OF ACTION**

24           **PRIVATE ATTORNEYS GENERAL ACT**

25           **(Against All Defendants)**

26     54.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

27 fully set forth herein.

28     55.     Plaintiff, an "aggrieved employee" within the meaning of Labor Code §§ 2698, *et*

*seq.*, acting on behalf of himself and other aggrieved employees (collectively, "Aggrieved Employees"), brings this representative action against Defendants to recover the civil penalties due to Plaintiff and other Aggrieved Employees, and the State of California according to proof pursuant to Labor Code §§ 558 and 2699(a) and (f) including, but not limited to: (1) $100.00 for each initial violation for each failure to pay each employee and $200 for each subsequent violation or willful or intentional violation pursuant to Labor Code §§ 210 and/or 225.5 for each failure to pay each employee, plus 25% of the amount unlawfully withheld; (2) $50.00 for each initial violation and $100 for each subsequent violation pursuant to Labor Code § 558 per employee per pay period; (3) $100 for each initial violation and $250 for each subsequent violation pursuant to Labor Code § 1197.1 per employee per pay period; (4) $250 for each initial violation and $1,000 for each subsequent violation pursuant to Labor Code § 226.3 per employee per pay period; (5) pursuant to Labor Code § 256, a civil penalty in an amount not exceeding 30 days per former employee as waiting time under the terms of Labor Code § 203; and/or (6) $100 for each initial violation and $200 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided, based on the following Labor Code violations:

a. Failing to pay minimum wages for all hours worked to Aggrieved Employees in violation of Labor Code § 558, 1182.12, 1194, 1194.2, 1197, and 1198;

b. Failing to pay Aggrieved Employees all earned overtime compensation in violation of Labor Code §§ 204, 510, 558, 1194, and 1198;

c. Failing to provide all legally required meal periods, and failure to pay meal period premium wages, to Aggrieved Employees at the regular rate of compensation in violation of Labor Code §§ 226.7, 512, 558, and 1198;

d. Failing to authorize and permit all legally required rest periods, and failure to pay rest period premium wages, to Aggrieved Employees at the regular rate of compensation in violation of Labor Code §§ 226.7, 516, 558, and 1198;

e. Failing to furnish Aggrieved Employees with complete, accurate, itemized wage statements in violation of Labor Code § 226;

- 15 -
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

f.     Failing to timely pay all final wages and compensation earned by Aggrieved
       Employees at the time of separation in violation of Labor Code §§ 201-202;

g.     Failing to pay Aggrieved Employees all earned wages at least twice during each
       calendar month in violation of Labor Code § 204;

h.     Failing to comply with Wage Order 7, § 15's regulations on temperature in the
       workplace in violation of Labor Code § 1198; and

i.     Failing to maintain accurate records on behalf of Aggrieved Employees in violation
       of Labor Code §§ 1174 and 1198.

56.    On or about April 15, 2025, Plaintiff notified Defendants via certified mail, and
notified the California Labor and Workforce Development Agency ("LWDA") via its website, of
Defendants' violations of the Labor Code and Plaintiff's intent to bring a claim for civil penalties
under Labor Code §§ 2698, *et seq.* with respect to the violations of the Labor Code identified in the
preceding paragraph. Now that 33 days and 65 days have passed from Plaintiff notifying
Defendants and the LWDA of these violations, Defendants have not cured any curable violations,
and the LWDA has not provided notice that it intends to investigate the violations, Plaintiff has
exhausted administrative requirements for bringing a claim under the Private Attorneys General Act
with respect to these violations.

57.    Plaintiff has incurred attorneys' fees and costs, which Plaintiff is entitled to receive
under California Labor Code § 2699(g).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf
this suit is brought against Defendants, as follows:

1.     For an order certifying the proposed Classes;

2.     For an order appointing Plaintiff as representative of the Classes;

3.     For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4.     Upon the First Cause of Action, for payment of minimum wages, liquidated
damages, and penalties according to proof pursuant to Labor Code §§ 1182.12, 1194, 1194.2, and
1197;

5.      Upon the Second Cause of Action, for payment of overtime wages and penalties according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

6.      Upon the Third Cause of Action, for meal period premium wages according to proof pursuant to Labor Code §§ 226.7, 512, and 558;

7.      Upon the Fourth Cause of Action, for rest period premium wages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;

8.      Upon the Fifth Cause of Action, for statutory penalties pursuant to Labor Code § 226;

9.      Upon the Sixth Cause of Action, for statutory penalties pursuant to Labor Code § 203;

10.     Upon the Seventh Cause of Action, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code §§ 17200, *et seq.*;

11.     Upon the Eighth Cause of Action, for civil penalties due to Plaintiff, other Aggrieved Employees, and the State of California according to proof pursuant to Labor Code §§ 558 and 2699(a) and (f) including, but not limited to: (1) $100.00 for each initial violation for each failure to pay each employee and $200 for each subsequent violation or willful or intentional violation pursuant to Labor Code §§ 210 and/or 225.5 for each failure to pay each employee, plus 25% of the amount unlawfully withheld; (2) $50.00 for each initial violation and $100 for each subsequent violation pursuant to Labor Code § 558 per employee per pay period; (3) $100.00 for each initial violation and $250.00 for each subsequent violation pursuant to Labor Code § 1197.1 per employee per pay period; (4) $250.00 for each initial violation and $1,000.00 for each subsequent violation pursuant to Labor Code § 226.3 per employee per pay period; (5) pursuant to Labor Code § 256, a civil penalty in an amount not exceeding 30 days per former employee as waiting time under the terms of Labor Code § 203; and/or (6) $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided;

1        12.    Prejudgment interest on all due and unpaid wages pursuant to Labor Code § 218.6

2   and Civil Code §§ 3287 and 3289;

3        13.    On all causes of action, for attorneys' fees and costs as provided by Labor Code §§

4   218.5, 226, 1194, 2699(g), and Code of Civil Procedure § 1021.5; and

5        14.    For such other and further relief, the Court may deem just and proper.

6                          **DEMAND FOR JURY TRIAL**

7        Plaintiff hereby demands a trial by jury on all claims.

8

9   DATED: June 16, 2025                    **JUSTICE FOR WORKERS, P.C.**

10

11                                   By: _____

12                                        William C. Sung
                                          Tiffany L. Luu
13                                        Attorneys for Plaintiff NATHAN WILLIAMS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit H

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **William Sung SBN 280792**<br>**Justice For Workers Complex**<br>**3600 Wilshire Boulevard 1815**<br>**Los Angeles, CA 90010**<br>TELEPHONE NO.:  **(323) 922-2000**   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*  **pacifilings@justiceforworkers.com**<br>ATTORNEY FOR *(Name):*   **Plaintiff** | ELECTRONICALLY FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>6/23/2025 8:58 PM<br>By: Eric Iturralde, DEPUTY |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO | |
|---|---|
| STREET ADDRESS:  247 W. THIRD ST.<br>MAILING ADDRESS:  247 W. THIRD ST.<br>CITY AND ZIP CODE:  SAN BERNARDINO, CA 92335<br>BRANCH NAME:  JUSTICE CENTER | |

| PLAINTIFF/PETITIONER: Nathan Williams<br>DEFENDANT/RESPONDENT:  States Logistics Services, Inc | CASE NUMBER:<br>CIVSB2510823 |
|---|---|
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>PG2368 |

(Separate proof of service is required for each party served.)

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of: *Complaint-Class Action; Civil Case Cover Sheet; Notice of Case Management Conference; Certificate of Assignment; Summons; First Amended Complaint*

3.  a. Party served *(specify name of party as shown on documents served):* **STATES LOGISTICS SERVICES, INC., a California corporation**

    b. ☒  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
    **Daniel Mason, Agent for Service**

4.  Address where the party was served: *5650 Dolly Ave Buena Park, CA 90621*

5.  I served the party *(check proper box)*
    a. ☒  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **6/19/2025** (2) at: **05:20 PM**
    b. ☐  **by substituted service.** On: at: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) ☐  **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:

| POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | |
|---|---|---|
| | | **Invoice # 12243597-01** |

Exh. H - 054

| PLAINTIFF/PETITIONER: Nathan Williams | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: States Logistics Services, Inc | CIVSB2510823 |

          *on:*          *from:*    **or** ☐ a declaration of mailing is attached.

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) *on:*        (2) *from:*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☒ On behalf of *(specify):* **STATES LOGISTICS SERVICES, INC., a California corporation** under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)    ☐ 415.46 (occupant)
                                      ☐ other:

7. **Person who served papers**
a. Name: **Bryce Keizer**
b. Address: **7162 Beverly Blvd Suite 508, Los Angeles, CA 90036**
c. Telephone number: **800-687-5003**
d. **The fee** for service was: **$90.00**
e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ a registered California process server:
        (i) ☐ owner  ☐ employee  ☒ independent contractor.
        (ii) Registration No.: **PSC6332**
        (iii) County: **Orange**

Invoice#: 12243597-01

Exh. H - 055

| PLAINTIFF/PETITIONER: | Nathan Williams | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | States Logistics Services, Inc | CIVSB2510823 |

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

▶

**Bryce Keizer**          Date: **06/23/2025**

**PROOF OF SERVICE OF SUMMONS**

Invoice#: **12243597-01**

Exh. H - 056

# Exhibit I

June 23, 2025

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>WILLIAM C. SUNG, ESQ., | SBN: 280792<br>JUSTICE FOR WORKERS<br>9575 BOLSA AVE   WESTMINSTER, CA 92683<br>TELEPHONE NO.: (323) 922-2000 | FAX NO. (323) 922-2000 | E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff: NATHAN WILLIAMS, an individual and on behalf of all others similarly situated | *FOR COURT USE ONLY*<br><br>ELECTRONICALLY FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>6/25/2025 11:10 AM<br>By: Eric Iturralde, DEPUTY |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

STREET ADDRESS: 247 WEST THIRD STREET

MAILING ADDRESS: 247 WEST THIRD STREET

CITY AND ZIP CODE: SAN BERNARDINO, CA 92415

BRANCH NAME: JUSTICE CENTER

| PLAINTIFF:  NATHAN WILLIAMS, an individual and on behalf of all others similarly situated<br>DEFENDANT:  STATES LOGISTICS SERVICES, INC., a California corporation; ET AL | CASE NUMBER:<br>CIVSB2510823 |
|---|---|

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>12243597-02 |
|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☑ Summons

   b. ☑ Complaint

   c. ☐ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet

   e. ☐ Cross-complaint

   f. ☑ other *(specify documents)*: NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES; NOTICE OF CASE MANAGEMENT CONFERENCE; CERTIFICATE OF ASSIGNMENT; FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT;

3. a.  Party served *(specify name of party as shown on documents served)*:

   **KELLY SERVICES GLOBAL, LLC, a Michigan limited liability company**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

   **SARAI MARIN OF CT CORPORATION SYSTEMS, INC. - REGISTERED AGENT**

   **Age: 31 - 35 Race: Latino Sex: Female Height: 5'1 - 5'6 Weight: 121-140 Lbs  Hair: Brown  Eyes: Brown Marks:**

4. Address where the party was served:  **CT CORPORATION SYSTEMS, INC.**
   **330 N Brand Blvd Ste 700**
   **Glendale, CA 91203-2336**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **6/23/2025**    (2) at *(time)*: **12:58 PM**

   b. ☐ **by substituted service.**  On *(date)*:  at *(time)*:  I left the documents listed in item 2 with or
   in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date)*:  from *(city)*:                               **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a  **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/LL90722** |
|---|---|---|

| PETITIONER: **NATHAN WILLIAMS, an individual and on behalf of all others similarly situated**<br><br>RESPONDENT: STATES LOGISTICS SERVICES, INC., a California corporation; ET AL | CASE NUMBER:<br><br>**CIVSB2510823** |
|---|---|

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*  (2) from  *(city):*

   (3) ☐ with two copies of the  *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of  *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of  *(specify):*  **KELLY SERVICES GLOBAL, LLC, a Michigan limited liability company**
   under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
   | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | | ☑ other: **LIMITED LIABILITY COMPANY** |

7. **Person who served papers**

a. Name: **MARK SHURLOCK - LEGAL DOCUMENT SERVER, INC.**

b. Address: **7162 Beverly Blvd PMB 508  Los Angeles, CA 90036-2547**

c. Telephone number: **(800) 687-5003**

d. **The fee** for service was: **$90.00**

e. I am:

   (1) ☐ not a registered California process server.

   (2) ☑ exempt from registration under Business and Professions Code section 22350(b).

   (3) ☐ registered California process server:

      (i) ☐ owner    ☐ employee    ☑ independent contractor.

      (ii) Registration No.: **2013190921**

      (iii) County:  **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **6/23/2025**

**LEGAL DOCUMENT SERVER, INC.**
**7162 Beverly Blvd PMB 508**
**Los Angeles, CA 900362547**
**(800) 687-5003**

▸

_____
**MARK SHURLOCK**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

---

**PROOF OF SERVICE OF SUMMONS**

# Exhibit J

1 | Nicole M. Shaffer (SBN 244366)
Nicole.Shaffer@jacksonlewis.com
2 | Luigi V. Monteleone (SBN 257650)
Luigi.Monteleone@jacksonlewis.com
3 | JACKSON LEWIS P.C.
3390 University Avenue, Suite 110
4 | Riverside, CA 92501
Telephone:    (951) 848-7940
5 | Facsimile:    (951) 848-0009

6 | Attorneys for Defendant
STATES LOGISTICS SERVICES, INC., a
7 | California corporation

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF SAN BERNARDINO

11

12 | NATHAN WILLIAMS, an individual and on | CASE NO.: **CIVSB2510823**
behalf of all others similarly situated,
13 | | Assigned for all purposes to:
14 | Plaintiff, | Judge: Hon. Donald Alvarez / Dept. S23
vs.
15 | | **DEFENDANT STATES LOGISTICS**
STATES LOGISTICS SERVICES, INC., a | **SERVICES, INC.'S ANSWER TO**
16 | California corporation; KELLY SERVICES | **PLAINTIFF NATHAN WILLIAMS'**
GLOBAL, LLC, a Michigan limited liability | **COMPLAINT**
17 | company; and DOES 1 through 50,
18 | Defendants. | Complaint Filed:    April 16, 2025
19 | | Trial Date:    None Set

20

21 |     Defendant States Logistics Services, Inc. ("Defendant") hereby submits its Answer to the

22 | unverified civil Complaint filed by Plaintiff Nathan Williams ("Plaintiff") on April 16, 2025, as follows:

23 | **<u>GENERAL DENIAL</u>**

24 |     Pursuant to the California Code of Civil Procedure section 431.30(d), Defendant denies,

25 | generally and specifically, each and every allegation contained in the Complaint and denies that Plaintiff

26 | has suffered any injury or been damaged in any sum whatsoever.

27 | / / /

28 | / / /

---

1

**DEFENDANT STATES LOGISTICS SERVICES, INC.'S ANSWER TO PLAINTIFF NATHAN
WILLIAMS' UNVERIFIED COMPLAINT FOR DAMAGES**

**AFFIRMATIVE DEFENSES**

Additionally, Defendant raises the following separate and independent affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's Complaint and/or each cause of action are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340, and 343.

**SECOND AFFIRMATIVE DEFENSE**

**(Arbitration and Waiver of Class and Collective Claims)**

Plaintiff's individual and class claims are barred in whole or in part by a valid and enforceable arbitration agreement that includes a class action waiver. Defendant reserves the right to compel individual arbitration and stay this proceeding pursuant to the Federal Arbitration Act and / or the California Arbitration Act.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

The allegations contained in Plaintiff's Complaint, or any purported cause of action therein, fail to state any cause of action upon which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute)**

Plaintiff's claim for waiting time penalties under Labor Code section 203 is barred in whole or in part, because a good faith dispute existed as to whether any additional wages were due at the time of separation from employment.

**FIFTH AFFIRMATIVE DEFENSE**

**(Indemnity)**

Defendant is entitled to indemnity, including defense and reimbursement, from Kelly Services Global, LLC, pursuant to an agreed upon and enforceable contract and applicable law.

/ / /

/ / /

2

**DEFENDANT STATES LOGISTICS SERVICES, INC.'S ANSWER TO PLAINTIFF NATHAN WILLIAMS' UNVERIFIED COMPLAINT FOR DAMAGES**

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**

**(Unjust Enrichment)**

Plaintiff's claims for restitution, damages, penalties, or other recovery are barred to the extent they would result in unjust enrichment or a double recovery beyond the amount permitted by law.

**<u>SEVENTH AFFIRMATIVE DEFENSE</u>**

**(Voluntary Meal and Rest Break Waiver)**

Plaintiff's claims regarding meal periods and rest breaks are barred in whole or in part, to the extent Defendant provided Plaintiff and the putative class with required meal periods and rest breaks in compliance with California law, and Plaintiff and the putative class voluntarily waived the right to take the meal periods and/or rest breaks provided.

**<u>EIGHTH AFFIRMATIVE DEFENSE</u>**

**(Lack of Standing)**

Plaintiff lacks standing to assert certain claims alleged in the complaint, including on behalf of a putative class.

**<u>NINTH AFFIRMATIVE DEFENSE</u>**

**(Equitable Defenses)**

The Complaint and/or each cause of action are barred on the grounds and/or to the extent that the equitable doctrines of estoppel, waiver, consent, and/or laches apply.

**<u>ADDITIONAL AFFIRMATIVE DEFENSES</u>**

**(Reservation of Rights)**

Defendant presently has insufficient knowledge or information on which to form a belief as to whether they may have additional affirmative defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates that such defenses apply.

/ / /

/ / /

/ / /

/ / /

/ / /

**DEFENDANT STATES LOGISTICS SERVICES, INC.'S ANSWER TO PLAINTIFF NATHAN WILLIAMS' UNVERIFIED COMPLAINT FOR DAMAGES**

1

## PRAYER

2    WHEREFORE, Defendant prays for judgment as follows:

3    1.    Plaintiff takes nothing by reason of the Complaint on file herein, and that said Complaint

4          be dismissed with prejudice;

5    2.    Judgment be entered in favor of Defendant and against Plaintiff on all claims for relief;

6    3.    Defendant be awarded its costs of suit incurred herein;

7    4.    Defendant be awarded its attorneys' fees incurred by this action; and

8    5.    For such other and further relief as the Court may deem just and proper.

9

10  Dated:  July 21, 2025                  JACKSON LEWIS P.C.

11

12                              By:

13                                  Nicole M. Shaffer
                                        Luigi V. Monteleone

14

15                                Attorneys for Defendant
                                STATES LOGISTICS SERVICES, INC., a
                                California corporation

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**DEFENDANT STATES LOGISTICS SERVICES, INC.'S ANSWER TO PLAINTIFF NATHAN WILLIAMS' UNVERIFIED COMPLAINT FOR DAMAGES**

1  **PROOF OF SERVICE**

2  **CALIFORNIA SUPERIOR COURT, COUNTY OF SAN BERNARDINO**

3  **CASE NAME:** *NATHAN WILLIAMS v. STATES LOGISTICS SERVICES, INC., et al.*

4  **CASE NO.:** **CIVSB2510823**

5      I am employed in the County of Riverside, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 3390 University Avenue, Suite 110, Riverside, CA 92501.

6      On **July 21, 2025,** I caused the following document(s) described as:

7
8  **DEFENDANT STATES LOGISTICS SERVIES, INC.'S ANSWER TO PLAINTIFF NATHAN WILLIAMS' UNVERIFIED COMPLAINT FOR DAMAGES**

9  to be served on all interested parties in this action as follows:

10
11  William C. Sung, Esq.
    Tiffany L. Luu, Esq.

12  Joseph C. Ramli, Esq.
    JUSTICE FOR WORKERS, P.C.

13  9575 Bolsa Avenue
    Westminster, CA 92683

14

15

Attorneys for Plaintiff NATHAN WILLIAMS

Telephone:   (323) 922-2000
Facsimile:   (323) 922-2000
Email:       William@justiceforworkers.com
             Tluu@justiceforworkers.com
             Jramli@justiceforworkers.com

16  ☒  **BY MAIL:**  by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Irvine, California addressed as set forth herein.

17
18

19  **STATE**:  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20

21  Executed on **July 21, 2025**, at Riverside, California.

22

23
                                              _____
24  4930-9738-3507, v. 1                      Karina Reyes

25

26

27

28

5
**PROOF OF SERVICE**



For questions or support please contact customer support at 800-889-0111 or efiling@firstlegal.com

## EFILING ORDER SUMMARY

### ORDER INFORMATION

Order Number: 12475278

Order Status: Pending

Control Number: 14102488

Court Transaction Number: 20175130

Special Instructions: PLEASE ADVANCE COURT FEES.

Submitted By: Pippin Anzures, panzures@firstlegal.com

Notifications:  Pippin Anzures (panzures@firstlegal.com)

Date Submitted: 07/21/2025 15:59:50

Date Closed:

Filing Status: Pending

### CASE INFORMATION

Case Number: CIVSB2510823

Case Title: Complex-Class Action Williams-v-States Logistics Services, Inc et al

Case Category: Civil - Unlimited

Jurisdiction: San Bernardino - Unlimited - San Bernardino (eFiling)

Lead Client: States Logistics Services, Inc,

Billing Code: 668145

Case Type: Other Employment Unlimited

County: San Bernardino

### DOCUMENTS

| No. | Title | Type | Status |
|-----|-------|------|--------|
| 1 | DEFENDANT STATES LOGISTICS SERVICES, INC.'S ANSWER TO PLAINTIFF NATHAN WILLIAMS' COMPLAINT | Answers | |



For questions or support please contact customer support at 800-889-0111 or efiling@firstlegal.com

**FEE SUMMARY**

| Description | Amount | Total |
|---|---|---|
| DEFENDANT STATES LOGISTICS SERVICES, INC.'S ANSWER TO PLAINTIFF NATHAN WILLIAMS' COMPLAINT (Answers) | $435.00 | |
| EFM Fees | $5.94 | |
| Complex Civil (each Defendant up to 18k) - each | $1000.00 | |
| * Total Estimated Court Fees | | $1440.94 |
| Court eFiling (Order placed on behalf of customer) | | $0.00 |
| Payment Processing Fee | | $0.00 |
| * eFiling Total | | $1440.94 |